IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MALIK SHABAZZ, #R53189,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 23-cv-03005-SMY |
| | ) |
| **ROB JEFFREYS,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Malik Shabazz, an inmate at Lawrence Correctional Center, brings this action for alleged constitutional deprivations pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint (Doc. 1) and Amended Complaint (Doc. 7) are now before the Court for review. Plaintiff asserts miscellaneous claims against dozens of defendants in each complaint. He requests money damages, a preliminary injunction (Doc. 9), and a temporary restraining order (Doc. 12).

This case is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims and dismiss any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune. 28 U.S.C. § 1915A. Here, before the Court screens the Complaint or Amended Complaint, it must first determine whether any claims are improperly joined in one action and subject to severance. *See Dorsey v. Varga*, 55 F.4th 1094 (7th Cir. 2022); *George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

**Discussion**

Standing alone or read together, Plaintiff's Complaint and Amended Complaint (Docs. 1 and 7) represent an egregious violation of Rule 8 which requires a plaintiff to use "simple, concise, and direct" allegations to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a), (d)(1). Violation of the Rule is grounds for dismissal.

Plaintiff's Complaint totals 118 pages, names 40 defendants, and asserts innumerable claims against them based on events arising at 2 prisons over the course of 20 months (July 2021 through March 2023). (Docs. 1, 1-1, 1-2, 1-3, and 1-4). Plaintiff's Amended Complaint totals 299 pages, names 41-plus defendants,[1] and asserts countless claims against them for events arising at 2 prisons over 26 months (July 2021 through September 2023). (Docs. 7, 7-1, and 7-2). Plaintiff seeks to bring claims for failure to accommodate his disabilities, inadequate mental health treatment, denial of medical care, discrimination, mail interference, mishandling of grievances, retaliation, and excessive force, among other things, under the First, Eighth, and Fourteenth Amendments and Americans with Disabilities Act. (Docs. 1 and 7). Plaintiff sets forth too many claims against far too many defendants for the Court to identify, list, or even summarize. And he cannot toss all of his grievances against every IDOC official into a single document in order to avoid payment of filing fees and strikes. Clearly, neither complaint complies with Rule 8.

To further complicate matters, Plaintiff requests the Court to read the complaints together as a single document. But the Court will not accept piecemeal amendments to a previously filed complaint. An amended complaint supersedes and replaces the original complaint, rendering the

---

[1] Plaintiff's list of defendants, alone, spans 22 pages of the Amended Complaint. (Doc. 7, pp. 1-22). The final defendant is identified as "John/Jane Does" who are "Officers, Tactical Team Members, Nurses, etc." employed by the IDOC and Wexford Health Services. *Id*. at 22. Defendant #41 is not a single person.

original void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  Therefore, an amended complaint must stand on its own, without reference to any previous pleading.

Plaintiff's complaints also violate the rules of joinder.  FED. R. CIV. P. 18-21.  His claims involve different defendants, arise from separate transactions or occurrences, and hinge on different legal theories.  Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit.  Multiple defendants may not be joined in a single action, unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all.  *See* FED. R. CIV. P. 20; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Instead, Plaintiff must decide which related claims he will bring against the defendant(s), and he may file separate lawsuits to address all other claims.[2]  *Dorsey v. Varga*, 55 F.4th 1094 (7th Cir. 2022).

Improper joinder is grounds for striking a complaint.  *Id*. (recommending that district courts faced with improper joinder problems strike a prisoner complaint and allow at least one amendment before screening under 28 U.S.C. § 1915A).  Standing alone or together, Plaintiff's complaints (Docs. 1 and 7) present joinder problems that must be addressed before the Court can screen this matter under § 1915A.  The Court will give Plaintiff the first opportunity to decide which claim(s) he wishes to pursue in this case.

## Pending Motions

### Motions for Recruitment of Counsel (Docs. 2 and 8)

Plaintiff's Motions for Recruitment of Counsel are **DENIED without prejudice**.  Plaintiff

---

[2] Plaintiff should be aware that a two-year statute of limitations applies to his § 1983 claims.

has not demonstrated that he is indigent or otherwise qualifies for court-recruited counsel under 28 U.S.C. § 1915(g). Even if Plaintiff demonstrates that he is unable to afford counsel, the Court will not consider recruiting counsel for a *pro se* plaintiff until it conducts a preliminary review of the complaint and filters out nonmeritorious claims under 28 U.S.C. § 1915A. This is because it is difficult to accurately evaluate the need for assistance of counsel at this early stage in litigation. *Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged."). Accordingly, the motions are denied.

### Motions for Preliminary Injunction and TRO (Docs. 9 and 12)

Plaintiff's Motions for Preliminary Injunction and Temporary Restraining Order are **DENIED without prejudice**. Plaintiff seeks a transfer based on the events referred to in both complaints which are being dismissed for violating Rules 8 and 18-21. Absent an underlying complaint, the Court is unable to determine whether relief under Federal Rule of Civil Procedure 65 is warranted.

### Disposition

The Complaint (Doc. 1) and Amended Complaint (Doc. 7) are **DISMISSED without prejudice** for violation of Federal Rules of Civil Procedures 8 and 18-21 and with leave to file a Second Amended Complaint by **November 6, 2023**. The Second Amended Complaint will be subject to review under 28 U.S.C. § 1915A.

Should Plaintiff file a Second Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. **He should label the form "Second Amended Complaint" and use the case number for this action (No. 23-cv-03005-SMY)**. Plaintiff should identify each defendant in the case caption and include sufficient allegations against each individual to describe what the defendant did or failed to do to violate his

constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how. . . ."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail him a civil rights complaint form.

An amended complaint supersedes and replaces prior versions of the complaint, rendering prior versions void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a previously filed complaint. The Second Amended Complaint must stand on its own, without reference to any previous pleading.

If Plaintiff fails to file a Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims. The dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: October 5, 2023             *s/ Staci M. Yandle*
                                                         **STACI M. YANDLE**
                                                         **United States District Judge**