# UNITED STATES DISTRICT COURT

for the
Southern District of Illinois

Malik Shabazz )
_____ )
_____ )   Case Number: ___23-cv-03005-smy
_____ )   *(Clerk's Office will provide)*
*Plaintiff(s)/Petitioner(s)* )
v. )   SECOND AMENDED Complaint
 )   ☒ CIVIL RIGHTS COMPLAINT
Rob Jeffreys, Debbie Issacs, )   pursuant to 42 U.S.C. §1983 (State Prisoner)
Dennis Larson, Warden (Morgenthaler )   ☐ CIVIL RIGHTS COMPLAINT
Lt. McCarthy, Dr. Percy Myers, )   pursuant to 28 U.S.C. §1331 (Federal Prisoner)
Carrissa Luking, Laurie Cunningham )   ☐ CIVIL COMPLAINT
*Defendant(s)/Respondent(s)*  (cont. page) )   pursuant to the Federal Tort Claims Act, 28 U.S.C.
 )   §§1346, 2671-2680, or other law

## I.    JURISDICTION

### Plaintiff:

A.   Plaintiff's mailing address, register number, and present place of confinement.

Malik Shabazz #R53189
Lawrence C.C.
10930 Lawrence Rd.
Sumner, IL 62466

### Defendant #1:

B.   Defendant ___Rob Jeffreys___ is employed as
     (a)   (Name of First Defendant)

___Recent Director of Illinois Department of Corrections___
     (b)   (Position/Title)

with ___1301 Concordia, Springfield, IL 62794 (I.D.O.C)___
     (c)   (Employer's Name and Address)

_____

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government?   ☒ Yes   ☐ No

If your answer is YES, briefly explain: I personally wrote to Director Rob Jeffreys. And saw his name on I.D.O.C. paperwork labeling him as the Director of I.D.O.C. As State employee in 2022

Rev. 10/3/19

(cont. page Defendants)

United States District Court
for the
Southern District of Illinois

Malik Shabazz
_____
Plaintiff

V.
(cont. defendants)
c/o French, Sgt. Hollis, Dr. Boose,
Dee Dee Brookhart, Nurse Practician Wise,
Sgt. Stout, Sgt. Bridwell, Lt. Reid,
Sgt. Wilson, Lt. Livingston,
c/o Crawford, c/o Seed, c/o Cottonard

)
)
)
)
)
)
)
)
)
)
)
)

Case Number   23-cv-03005-SMY
_____

Second Amended Complaint
☒ Civil Rights Complaint
Pursuant to 42 U.S.C § 1983 (State Prisoner)

**Defendant #2:**

C.    Defendant ___DEBBIE ISSACS___ is employed as

Big Muddy River's (Name of Second Defendant)

___ADA COORDINATOR / HealthCare Administrator___
(Position/Title)

with ___I.D.O.C AND WEXFORD   251 N. Illinois Highway 37 InA, IL___
(Employer's Name and Address)

_____

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?    ☒ Yes    ☐ No

If you answer is YES, briefly explain:  I WAS HOUSED AT Big Muddy River
AND knew This pERSON TO BE THE ADA CoORDinATOR wHERE
SHE WAS EMPLOYED AS STATE EMPLOYEE in 2021

**Additional Defendant(s) (if any):**

D.    Using the outline set forth above, identify any additional Defendant(s).

DEFENDANT #3 ___DEFENDANT DR. DENNIS LARSON___

___DOCTOR AT Big MUDDY RIVER C.C.___
(Position / Title)

___I.D.O.C. AND WEXFORD   251 N. Illinois Highway 37 InA, iL.___
(Employer's Name and Address)

AT THE TIME THE CLAIM(s) ALLEGED in THIS COMPLAINT AROSE, WAS
DEFENDANT #3 EMPLOYED BY THE STATE, LOCAL, OR FEDERAL government?
☒ YES   ☐ no

YES, I WAS PERSONALLY TREATED BY THIS DOCTOR AS I knew
him TO WORK AS DOCTOR in Big MUDDY RIVER C.C. AS A
STATE EMPLOYEE AND SAW him on 2-18-22

Rev. 10/3/19

I. JURISDICTION (Defendants Cont)

Defendant #4

E. Defendant Warden Richard Morgenthaier
(Name)
Warden of Big Muddy River C.C.
(Position/Title)
I.D.O.C. 251 N. Illinois Highway 37, Ina, IL
(Employer's Name and Address)

At the time the claim(s) alleged this complaint arose, was Defendant #4 employed by the State, local or federal government? ☒ Yes ☐ no

Yes, I knew him personally to be the head Warden in Big Muddy River C.C. as a State employee in the year of 2021 and 2022

Defendant #5

f. Defendant Lt. McCarthy
(Name)
Zone Luetinent of Big Muddy River C.C.
(Position/Title)
I.D.O.C. 251 N. Illinois Highway 37, Ina, IL
(Employer's Name and Address)

At the time the claim(s) alleged this complaint arose, was Defendant #5 employed by the State, local or federal government? ☒ Yes ☐ no

Yes, I knew him personally to be a superior officer at Big Muddy River C.C. working as a State employee on 12-9-21

Defendant #6

G. Defendant Percy Myers
(Name)
Visiting Doctor at Lawrence C.C.
(Position/Title)
Wexford / I.D.O.C. 10930 Lawrence Rd. Sumner, IL 62466
(Employer's Name and Address)

At the time the claim(s) alleged this complaint arose, was Defendant #6 employed by the State, local, or federal government? ☒ Yes ☐ no

Yes, I knew this doctor personally who worked as a visiting doctor at Lawrence C.C. as either a State or local employee on 9-24-22

I. Jurisdiction (Defendants cont.)

DEFENDANT #7

H.  Defendant Carrissa Luking
_____
(Name)

Nurse Practician at Lawrence C.C.
_____
(Title/Position)

Wexford / I.D.O.C.   10930 Lawrence Rd. Somner, IL  62466
_____
(Employer's name and address)

At the Time the claim(s) alleged this complaint arose, was Defendant #7 employed by the state, local, or federal government? ☑ yes ☐ no

Yes, I knew her to be my nurse practician who was working as a state employee in Lawrence C.C. on 8-18-22  7-3 shift

DEFENDANT #8

I.  Defendant Laurie Cunningham
_____
(Name)

ADA Coordinator at Lawrence C.C.
_____
(Title/Position)

Wexford / I.D.O.C.   10930 Lawrence Rd. Somner, IL  62466
_____
(Employer's name and address)

At the time the claim(s) alleged this complaint arose, was Defendant #8 employed by the state, local, or federal government? ☑ yes ☐ no

Yes, I knew her to be a working employee in Lawrence in state of Illinois

DEFENDANT #9

J.  Defendant C/O French
_____
(Name)

Correctional Officer of Lawrence C.C.
_____
(Title/Position)

I.D.O.C.   10930 Lawrence Rd. Sumner, IL  62466
_____
(Employer's name and address)

At the time the claim(s) alleged this complaint arose, was Defendant #9 employed by the state, local, or federal government? ☑ yes ☐ no

Yes, I knew this officer personally to work as a state employee in Lawrence C.C. on unit 2A on 2-3-23 on 3-11 shift.

I. Jurisdiction (cont. Defendants)

Defendant #10

K.  Defendant  Sgt. Hollis
                    (Name)
        Superior Correctional Officer of Lawrence C.C.
                    (Title/Position)
        I.D.O.C.  10930 Lawrence Rd. Sumner, IL  62466
                    (Employer's Name and Address)

At the time the claim(s) alleged this complaint arose, was Defendant #10 employed by the state, local, or federal government? ☒ yes ☐ no

Yes, as I know this officer to work in Lawrence C.C. as a state employee, in unit 2 house on 2·3·23 on 3-11 shift.

Defendant #11

L.  Defendant  Dr. Boose
                    (Name)
        Head Mental Health Professional of Lawrence C.C.
                    (Title/Position)
        Wexford / I.D.O.C.  10930 Lawrence Rd. Sumner, IL  62466
                    (Employer's Name and Address)

At the time the claim(s) alleged this complaint arose, was Defendant #11 employed by the state, local, or federal government? ☒ yes ☐ no

Yes, I knew her to work within Lawrence C.C. as a mental health person employed as a state or local employee in Illinois.

Defendant #12

M.  Defendant  Dee Dee Brookhart
                    (Name)
        Warden of Lawrence C.C.
                    (Title/Position)
        I.D.O.C.  10930 Lawrence Rd. Sumner, IL  62466
                    (Employer's Name and Address)

At the time the claim(s) alleged this complaint arose, was Defendant #12 employed by the state, local, or federal government? ☒ yes ☐ no

Yes, I knew her personally to be responsible for overall functioning of Lawrence C.C. as a state employee

I. Jurisdiction (Cont. Defendants)

**Defendant #13**

N. Defendant Nurse Practician Wise
(Name)

Nurse Practician ~~Wise~~ of Lawrence C.C.
(Title/Position)

Wexford / I.D.O.C. 10930 Lawrence Rd. Sumner, IL 62466
(Employer's Name and Address)

At the time the claim(s) alleged this complaint arose, was Defendant #13 employed by the state, local, or federal government? ☒ yes ☐ no

Yes, as I saw and knew her to work as my nurse practician in Lawrence C.C. As a state employee.

**Defendant #14**

O. Defendant Sgt. Stout
(Name)

Superior Correctional Officer in Lawrence C.C.
(Title/Position)

I.D.O.C. 10930 Lawrence Rd. Sumner, IL 62466
(Employer's Name and Address)

At the time the claim(s) alleged this complaint arose, was Defendant #14 employed by the state, local, or federal government? ☒ yes ☐ no

Yes, I knew this person to be a correctional officer in Lawrence C.C. employed by the state, on 8.8.23

**Defendant #15**

P. Defendant Sgt. Bridwell
(Name)

Superior Correctional Officer in Lawrence C.C.
(Title/Position)

I.D.O.C. 10930 Lawrence Rd. Sumner, IL 62466
(Employer's Name and Address)

At the time the claim(s) alleged this complaint arose, was Defendant #15 employed by the state, local, or federal government? ☒ yes ☐ no

Yes, I knew this person personally to be a correctional officer in Lawrence C.C. As a state employee, in restricted housing on 8.31.23 on 7-3 shift.

(Cont. Defendants)

# I. Jurisdiction

**Defendant #16**

Q. Defendant Lt. Reid
(Name) (Luetinent)
Superior Correctional Officer at Lawrence C.C.
(Title/Position)
I.D.O.C. 10930 Lawrence Rd. Somner, IL 62466
(Employer's Name and Address)

At the time the claim(s) alleged this complaint arose, was Defendant #16 employed by the state, local, or federal government? ☒ yes ☐ no

Yes, I knew this person to be a superior officer in Lawrence employed by the state thru I.D.O.C.

**Defendant #17**

R. Defendant Sgt. Wilson aka. Big chief
(Name)
Superior Correctional Officer at Lawrence C.C.
(Title/Position)
I.D.O.C. 10930 Lawrence Rd. Somner, IL 62466
(Employer's Name and Address)

At the time the claim(s) alleged this complaint arose, was Defendant #17 employed by the state, local, or federal government? ☒ yes ☐ no

Yes, I know this person to be a superior officer working in Lawrence C.C. and was working in restricted housing unit on 8.10.23 on 11-7 shift as a state employee.

**Defendant #18**

S. Defendant Lt. Livingston
(Name)
Superior Correctional Officer at Lawrence C.C.
(Title/Position)
I.D.O.C. 10930 Lawrence Rd. Sumner, IL 62466
(Employer's Name and Address)

At the time the claim(s) alleged this complaint arose, was Defendant #18 employed by the state, local or federal government? ☒ yes ☐ no

Yes I know this Luetinent to be a superior officer working in Lawrence C.C. as a state employee and was working in restricted housing on 8-31-23 on 7-3 shift.

I. Jurisdiction (cont. Defendants)

Defendant #19

T. Defendant C/O Crawford
(Name)
Correctional Officer in Lawrence C.C.
(Title/Position)
I.D.O.C. 10930 Lawrence Rd. Sumner, IL 62466
(Employer's Name and Address)

At the time the claim(s) alleged this complaint arose, was Defendant #19 employed by the state, local, or federal government? ☑ yes ☐ no

Yes, this person is a correctional officer at Lawrence employed by the state and I saw him work restricted housing unit A on 8.31.23. 7-3 shift.

Defendant #20

U. Defendant C/O Seed
(Name)
Correctional Officer in Lawrence C.C.
(Title/Position)
I.D.O.C. 10930 Lawrence Rd. Sumner, IL 62466
(Employer's Name and Address)

At the time the claim(s) alleged this complaint arose, was Defendant #20 employed by the state, local, or federal government? ☑ yes ☐ no

Yes, I knew this officer to be employed by the state in Lawrence C.C. on 8-31-23 in Restricted Housing on 7-3 shift.

Defendant #21

V. Defendant Sgt. Cottonard
(Name)
Superior Correctional Officer in Big Muddy River C.C.
(Title/Position)
I.D.O.C. 251 N. Illinois Highway 37, Ina, IL.
(Employer's Name and Address)

At the time the claim(s) alleged this complaint arose, was Defendant #21 employed by the state, local, or federal government? ☑ yes ☐ no

Yes I knew this Sergent to work at Big Muddy River C.C. employed by the state and working on 7-27-22 on 7-3 shift.

## II.    PREVIOUS LAWSUITS

A.    Have you begun any other lawsuits in state or federal court while you
were in prison or jail (during either your current or a previous time in prison or
jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. §
1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law?   ☒Yes ☐No

B.    If your answer to "A" is YES, describe each lawsuit in the space below. If
there is more than one lawsuit, you must describe the additional lawsuits on
another sheet of paper using the same outline. **List ALL lawsuits in any
jurisdiction and indicate the court where they were filed to the best of
your ability**, including those that resulted in the assessment of a "strike"
under 28 U.S.C. § 1915(g) and/or those that were dismissed for being
frivolous, malicious, or for failure to state a claim (see 28 U.S.C. § 1915A; 28
U.S.C. § 1915(e)(2); Federal Rule of Civil Procedure 12(b)(6)). FAILURE TO
FULLY DISCLOSE YOUR LITIGATION HISTORY, INCLUDING
"STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL
OF THIS ACTION.

1.    Parties to previous lawsuits:
Plaintiff(s): Malik Shabazz

Defendant(s): Sean Cusack , Jeffrey Bryant , Mark Marella
And Sheriff Tom Dart

2.    Court (if federal court, name of the district; if state court, name of
the county): Northern District of Illinois
(United States District)

3.    Docket number: 1:15- cv - 5694

4.    Name of Judge to whom case was assigned: Amy J. St. Eve

5.    Type of case (for example: Was it a habeas corpus or civil rights
action?): Civil Rights Action

6.    Disposition of case (for example: Was the case dismissed? Was it
appealed? Is it still pending?): There was a settlement Agreement
And general Release

7. Approximate date of filing lawsuit: In 2015 maybe around or before June

8. Approximate date of disposition:

December 2017

9. Was the case dismissed as being frivolous, malicious, or for failure to state a claim upon which relief may be granted and/or did the court tell you that you received a "strike?" No

## III.   GRIEVANCE PROCEDURE

A.   Is there a prisoner grievance procedure in the institution? ☒ Yes   ☐ No

B.   Did you present the facts relating to your complaint in the prisoner grievance procedure? ☒ Yes   ☐ No

C.   If your answer is YES,
   1.   What steps did you take? I STATED what happened in each incident. I turned in grievances which went to counselor, then when response given, turn in to go to grievance officer and when response given, I mailed to I.D.O.C Administrative Review Board in Springfield

   2.   What was the result? Hardly any issues resolved and some were not responded to in a timely manner given impression they were ignored. Continuing issues.

D.   If your answer is NO, explain why not.

E.   If there is no prisoner grievance procedure in the institution, did you complain to prison authorities? ☐ Yes   ☐ No

F.   If your answer is YES,
   1.   What steps did you take?

Rev. 10/3/19

      2.      What was the result?

G.     If your answer is NO, explain why not.

H.     Attach copies of your request for an administrative remedy and any
response you received. If you cannot do so, explain why not:

## IV.    STATEMENT OF CLAIM

**A.**    State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments or citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

1. I, Malik Shabazz, A wheelchair bound person who recently and still suffer from a continuance of mistreatment arising from Title II ADA violations and multiple constitutional violations in 2 different facilities in the Illinois Dept. of Corrections thru a series of events continuing in the span of last 2 years.

2. From July of 2021 to July of 2022 while in Big Muddy River C.C., I was denied ADA accomodations by ADA Coordinator Debbie Issacs where she refused to meet, reply to request or consider accomodating me with a shower permit and therapuetic matress, where I was unable to properly clean myself after incontinent episodes due to disability. She also caused me to suffer extreme pain in not providing needed therapuetic matress, due to several bullets lunged in vital areas and partial paralysis. This violated my Title II ADA rights and 8th admendment of cruel and unusual.

3. As a result of never meeting or corresponding with ADA Coordinator in Big Muddy River C.C., I was under care of Dr. Dennis Larson who was next highest-ranking medical personnel and facility's doctor. He also refused to accomodate my ADA needs of a shower permit and therapuetic matress despite seeing the need by review my medical chart. By him constantly seeing me and knowing my difficulty adjusting without accomodations, he was deliberately indifferent to my Title II ADA rights.

4. Because of denial by 2 highest ranking medical personnel in Big Muddy River, I filed grievances, wrote Warden Richard Morgenthaler and even wrote Director Rob Jeffreys of I.D.O.C. numerous times about mistreatment all to no avail.

5. Due to these issues going unchecked, on 12-6-21 while housed in segregation unit, I was denied a shower for almost a week because shower wasn't wheelchair accessible due to structural design.
(See Exhibit B)    (Cont. next page)

IV. STATEMENT Of Claim (CONT.) Pg 2

(cont.) Lt. McCarthy was the zone superior officer who knew of my issue, could have fixed it but didn't, forcing me to remain soiled, unable to properly clean and be humiliated from filth I wore. (See Exhibit C) Lt. McCarthy subjected me to cruel and unusual punishment and was deliberately indifferent to my Title II A.D.A rights

6. As a continuance of mistreatment as a disabled person, in and before February of 2022 had issues of excessive swelling in lower left leg that Dr. Dennis Larson had failed to treat, properly examine or test in past. And on February 18, 2022, the condition worsened and had swelled enormously and possible blood clots detected and a risk of heart conditions were discovered which are still current today. Dr. Dennis Larson was deliberately indifferent to my serious medical need placing me in imminent danger and a huge amount of pain and suffering, where he knew of disability medical issues.

7. Due to me filing more grievances after incident in February of 2022 in Big Muddy River C.C., Dr. Dennis Larson to retaliate against me in subtle ways by taking me thru loops to renew medication, not being seen as needed and when I did see him, he would refuse to allow me to address concerns and problems I was having medically. There was alot of pain and suffering behind his retaliation tactics.

8. And due to me not having needed shower permit in Big Muddy River, there was incident on 7.27.22 where I had a incontinent-episode and was denied a shower; which led to me being put in Segregation. And while in Segregation I was a victim of excessive force by several c/o's under directive of Sgt. Cottonard where I fell out my wheelchair and instead of them restoring me back to wheelchair, they carried me in the air by hand and dumped me on concrete floor in my Seg cell (34) injuring me. I was left hurt on floor for over 4 hours with no medical and then transferred.

9. As a result of the mistreatment's continuance and incident on 7.27.22, I arrived at Lawrence C.C. later that day and didn't meet Nurse Practician until weeks later. Carrissa Luking was the Nurse Practician and she also refused to issue ADA accomodations (shower permit and therapuetic matress). She knew and read my medical-chart aware of ADA needs but said it would be awhile before I could see a doctor or receive proper examination and treatment for recent injuries incurred at Big Muddy River prior to transfer. She was deliberately indifferent to my ADA and serious medical needs.

10. Due to Carrissa Luking denial to issue ADA permits to accomodate my disibility issues, I continued as I was already doing by writing Lawrence's ADA Coordinator —

(cont. next page.)

## IV. Statement of Claim (cont.)

(cont.) Laurie Cunningham requesting ADA accomodations (shower permit and therapuetic-matress) in which she never replied, met with or even considered any of my request for the entirity of stay in which she was failing in her duty (See Exhibit "A") even up until now. She was in total violation of Title II APA subjecting me to cruel and unusual-punishment where I was in pain and suffered mentally.

11. Then on 9-24-22 I met Dr. Percy Myers who also outright denied me a therapuetic matress despite my need for due to my disability, my current pain and being prone to bed-sores. He even saw in my medical chart of how it had been issued at this same facility of Lawrence C.C. over a year ago. That day Dr. Percy Myers also discontinued a working pain medication (Tramudual) and prescribed "Cymbalta" as a replacement which was a pyschotrophic medication. Dr. Percy Myers was deliberately indifferent to my pain and serious medical need while violating my Title II ADA rights.

12. Everything in Lawrence C.C. seemed to be a repeat of mistreatment from Big Muddy River C.C. as if it was a conspiracy so I continued to file grievances but noticed I wasn't recieving responses to alot of them. And the ones that came back were signed off with a response a month prior to me recieving them which seemed conspired to prevent me from exhausting remedies in the set time.

3. As a result of being denied the needed therapuetic matress by Carrissa Luking, Dr. Percy Myers and Lawrence C.C.'s ADA coordinator Laurie Cunningham, in December of 2022 I developed a bed-sore on my upper right thigh and needed months of care. All of them caused me get injured in being deliberately indifferent to a serious medical need and denying a needed ADA accomodation under Title II ADA.

14. And by me filing grievances about how Carrissa Luking, Dr. Percy Myers and Laurie Cunningham treated me poorly at Lawrence C.C. and could have prevented the injury and the mistreatment, I had great reason to believe in January of 2023 they and others conspired to retaliate against me by discontinuing my shower permit without good foundation or explaining to me why. This also violated my Title II ADA rights.

15. Due to the discontinuing of my shower permit, on February 3, 2023 I had a incontinent-episode of soiling myself badly and in need of a thorough shower but was denied by my wing officer c/o French and his superior Sgt. Hollis who both forced me

(cont. next page)

## IV. Statement Of Claim (cont.)

(cont.) To try and shower in my cell's sink. I tried and fell breaking my 10th rib and wasn't allowed to get any assistance to clean water from floor despite having a permit for ADA attendant but no one assigned to the job. I went to Carle Richland Memorial Hospital 4 days after where injuries of 10th fractured rib, a possible bullet move in my chest and having phenomia (lung infection) This was a result of Dr. Percy Myers, Carrissa Loking and Laurie Cunningham retaliating to discontinue shower permit. And C/o French and Sgt. Hollis' deliberate indifference to allow me to shower as a Title II ADA inmate.

**16.** The continuing mistreatment at Lawrence C.C. forced me to file more grievances which were going unresponded, lost or purposely ignored which gave me a great reason to believe a conspiracy to silence and retaliate was launched against me. Where in, right before and after June of 2023 I filed several emergency grievances to Warden Dee Dee Brookhart naming people, incidents and stating my fear of my life and safety in Lawrence all to no avail.

**17.** As a result of all the pain and suffering endured from the overall mistreatment at Lawrence C.C., I spent alot of days on crisis watch between the months June and August of 2023. While there on several different occassions Dr. Boose started a practice and routine of having my wheelchair removed from me, making it nearly impossible to access toliet, sink, food slot and being confined to a bed in a urine infested cell. My Title II ADA rights were violated along with my 8th Amendment rights of cruel and unusual punishment.

**18.** The continued retaliation and conspiracy led to me being sexually assaulted, abused, and harrassed on 8-8-23 by Sgt. Bridwell who purposely took off my smock garment exposing my naked body in public to humiliate me in Healthcare unit in Lawrence C.C. while Sgt. Stout grabbed my penis. Then I was forcibly taken to crisis unit 5-B lower 1 cell and assaulted by Lt. Reid with unjustified and excessive force.

**19.** As a result of reporting incident of 8-8-23, after returning back to Lawrence C.C. from a outside hospital, A Sgt. Wilson came in my cell unauthorized in Segregation unit and slapped me demanding to strip without reasonable provocation but simply to retaliate against me.

**20.** This ongoing conspiracy to retaliate against me led to me being assaulted on 8-31-23 and pepper-sprayed by Lt. Livingston with assistance of Sgt. Bridwell, C/o Seed and C/o Crawford where I was hooded with a sheet, roughed up and left bleeding until the next shift. A medical emergency code-3 was called and I was taken to Healthcare Unit.

IV. STATEMENT OF CLAIM (cont.)

**21.** As a result of the last incident on 8-31-23 in Lawrence C.C. I filed numerous emergency-grievances to Warden Dee Dee Brookhart who continues to declare non-emergency and disregard issues of me being in imminent danger as I greatly believe she is a co-conspirator. Which has led to me being denied all medical, mental health and day time yard priveleges by imposing impossible stipulations like for me cuffing behind my back knowing I have a hyper-flex left arm with very limited range of motion and trying to stop me using my wheelchair. Despite no one in Lawrence C.C. assessing my mobility capabilities in over 6 months. Nurse Practician Wise and other Healthcare Staff have conspired and formed a malicious alliance with security staff like Sgt. Bridwell, Lt. Livingston and C/O Crawford to deprive me of all liberty of my Title II ADA rights, subjecting me to cruel and unusual punishment and so much more. All acting in conspiracy to retaliate and have placed me in imminent danger.

**22.** I pray this court accepts my claim in good faith as it is sincere despite me not being a competent litigant to know the ins and outs of these proceedings. As I am in great difficulty understanding language in a field I am inexperienced in. But I do come in good faith and know the danger I am in and the mistreatment I am and suffered from wasn't fair and just. Thank You

*Illinois* Department of *Corrections*

| ADMINISTRATIVE DIRECTIVE | Effective | 12/1/2012 Amended 7/1/2013 | Page | 4 of 6 | Number | 04.01.111 |
|---|---|---|---|---|---|---|

*Exhibit "A"*

from using standard telephones.

    (2)    Offenders who normally utilize standard telephone equipment shall not be restricted from using TTY equipment when making calls to approved persons who require the use of TTY equipment.

    (3)    Procedures requiring advanced scheduling for access to TTY equipment shall be approved by the Agency ADA Compliance Officer.

  d.  Ensure all emergency evacuation plans include provisions for evacuating offenders with disabilities.

4.  The Facility ADA Coordinator shall:

  a.  Upon receipt of DOC 0286 for ADA disability accommodation:

    (1)    Review the request and meet with the offender for interactive dialogue.

    (2)    Consult with the facility's operational and administrative staff and the Agency ADA Compliance Officer, as necessary, to ensure the proposed ADA disability accommodations are feasible or to identify effective alternatives.

    (3)    If required, schedule an individualized assessment with a licensed specialist for recommendations of auxiliary aids or services that may assist in providing effective communication.

    (4)    Approve or deny the request; and in writing:

        (a)    Notify the Agency ADA Compliance Officer of the determination.

        (b)    Notify the offender of the determination.

            **NOTE**: If a reasonable accommodation is offered to the offender and is subsequently rejected, the Department shall not be required to offer an alternative accommodation.

    (5)    Document the determination and, if applicable, the approved accommodations in the Case Notes on Offender 360.

  b.  Upon identification or referral of a deaf or hard of hearing offender:

    (1)  If the offender requires accommodation beyond the assistance of a hearing aid, develop an ADA Individualized Communication Plan, DOC 0401. The original DOC 0401 shall be maintained in the offender's master file and a copy shall be placed in the offender's medical file. Copies shall also be provided to the Agency ADA Compliance Officer and to the offender. The communication plan may include, but shall not be limited to:

        (a)    Authorization for optional identification showing the offender as deaf or hard of hearing..

*Illinois Department of Corrections*

| ADMINISTRATIVE DIRECTIVE | Effective | 12/1/2012 Amended 7/1/2013 | Page | 2 of 6 | Number | 04.01.111 |
|---|---|---|---|---|---|---|

Americans with Disabilities Act (ADA) – means 42 USC 12101, et seq., Title II of the Americans with Disabilities Act Amendments of 2008.

Deaf -- for the purpose of this directive means a condition where auditory function is not sufficient to process speech and language.

Hard of hearing – for the purpose of this directive means a condition where auditory function may or may not be sufficient to hear sound and where there is a difficulty distinguishing specific speech patterns in conversation.

Interactive dialogue – for the purpose of this directive means a face-to-face communication in response to an offender's request for ADA disability accommodation used to identify the precise limitations resulting from the disability and potential reasonable accommodations that could be provided to enable the offender to effectively access programs, activities, and services provided by the Department for which he or she would otherwise be qualified.

Teletypewriter equipment (TTY) - An electromechanical typewriter or device that either transmits or receives messages whereby an operator acts as facilitator between individuals by converting spoken conversation to text or text to audible conversation.

F.    **General Provisions**

1.    All decisions regarding ADA accommodation shall be made on an individual case-by-case basis. Approval of an accommodation request shall not constitute a precedent for other requests.

2.    Requests that cause undue hardship on the Department, including those that would be unduly costly, extensive, substantial, or disruptive; requests that would result in a threat to the safety or security of the facility or health of any person; or requests that fundamentally alter the nature or operation of the facility shall be denied.

3.    Disabled offenders shall not be permanently housed in an infirmary unit unless medical treatment is otherwise required.

4.    Offenders requiring the use of a wheelchair shall be housed in cells or dormitories that are wheelchair accessible.

5.    Offenders requiring the use of a wheelchair shall be transported in wheelchair accessible vehicles.

6.    Removal of security restraints during communication for deaf or hard of hearing offenders, who utilize their hands as a primary means of communication, including gesturing, sign language, or written communication, shall be evaluated on a case-by-case basis. Factors including, but not limited to, security risk shall be considered prior to removal of the restraints.

7.    Offender property shall be controlled in accordance with Administrative Directives 05.10.110, 05.10.115, and 05.10.120, as applicable; however, the Facility ADA Coordinator may approve requests for special permit items such as vibrating watches, talking books, and amplifying headphones.

Exhibit C

Malik Shabazz

v.

Declaration of Keondre Henry

Civil Action No.

Keondre Henry

I have been incarcerated at Illinois Dept. of Corrections since 2021 at Big Muddy River C.C. . Around or about Dec. 9th or 10th, 2021 I was housed in "Restricted-Housing" (Segregation) with Malik Shabazz #R53189 A.K.A. "wheelchair" where I was a few cells down from Mr. Shabazz who was in cell by the shower (34 cells down from Mr. Shabazz who was in cell by the shower (34)

During the week of above dates until about Dec. 13th 2021, I witnessed by hearing Malik Shabazz yell for "Crisis-Team", several times a day and complain all day to different staff for days straight about being in soiled (pissy & feces) clothing and having no sheets, Mr. Shabazz yelled for days through door asking why he wasn't being given a shower and how "Restricted-Housing"; shower wasn't wheelchair-accessible. Then that weekend of Dec. 11th, 2021, I heard a officer tell Mr. Shabazz that he had a visitor and said it was "Warden"#1 To the best of my knowledge Mr. Shabazz was escorted somewhere, then came back and that Monday morning (12.13.21) Mr. Shabazz left "restricted-housi

I declare under penalty of perjury that foregoing is true and correct. Executed in Ina, IL 5-4-22

Keondre Henry X

V.   **REQUEST FOR RELIEF**

State exactly what you want this court to do for you. If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255. Copies of these forms are available from the clerk's office.

I would like $1,000,000 in monetary relief
$400,000 in punitive damages
A transfer to Dixon C.C. or a interstate compound transfer

VI.   **JURY DEMAND** (*check one box below*)

The plaintiff ☒ does   ☐ does not request a trial by jury.

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on:   10•19•23
(date)

_____
Signature of Plaintiff

10930 Lawrence Rd.
Street Address

Malik Shabazz
Printed Name

Sumner, IL 62466
City, State, Zip

R53189
Prisoner Register Number

_____
Signature of Attorney (if any)

Rev. 10/3/19

H. ATTACHED ARE copies of my REQUEST FOR ADMINISTRATIVE REMEDY AND copies of PROOF THAT THE CONTINOUS VIOLATIONS ARE in PROCESS TOO BUT AS of NOW Im in imminent DANGER of physical HARM FROM RETALIATION BUT PROOF of GRIEVANCE #'s AND ISSUES ATTACHED TOO.

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

.der:  Shabazz                  Malik                                    R53189
        Last Name                First Name                    MI          ID#

**Facility:**  Big Muddy

☒ Grievance: Facility Grievance # (if applicable) 81-12-21/80-12-21_ Dated: 12/9/2021        or ☐ Correspondence: Dated:

Received: 5/20/2022       Regarding: ADA Accommodations - RH shower not accessible to ADA no shower from 12-5 to 12-9-21
         Date

The attached grievance or correspondence is being returned for the following reasons:

---

**Additional information required:**

☐ Provide your original written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely.

☐ Provide dates when incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to:
Administrative Review Board, Office of Inmate Issues, 1301 Concordia Court, Springfield, IL 62794-9277

---

**Misdirected:**

☐ Contact your correctional counselor or Field Services regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property and medical issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns in a letter to:  Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL 62706

---

**No further redress:**

☐ Award of Earned Discretionary Sentence Credit is a discretionary administrative decision; therefore, this issue will not be addressed further.

☐ Administrative transfer denials are discretionary administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ Administrative Review Board received the appeal 30 days past date of Chief Administrative Officer's decision; therefore, this issue will not be addressed further.

☒ This office previously addressed this issue on 5/24/2022
                                          Date

☐ No justification provided for additional consideration.

---

**Other** (specify): This grievance does not meet DR504F. This matter was previously addressed in GRV # 60.12.21.  No review.

---

Completed by:  DeAnna Kink                                              6·10·22
                Print Name                        Signature              Date

Distribution:   Offender              Printed on Recycled Paper          DOC 0070 (Rev. 3/2018)
                Inmate Issues

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

| Grievance Officer's Report | | |
|---|---|---|
| Date Received: 12/17/2021 | Date of Review: 05/10/2022 | Grievance # (optional): 81-12-21 |
| Offender: SHABAZZ, MALIK | | ID#: R53189 |

**Nature of Grievance:**

ADA Accommodations

**Facts Reviewed:**

The Individual in Custody Claims the Following: States the Restrictive Housing shower is not ADA accessible for wheelchairs and was not allowed to shower from 12/5/2021-12/9/2021.

Relief Requested: The Individual in Custody requests to be compensated and every party involved be relieved of duties.

The Individual's in Custody allegations were reviewed by Health Care Unit Administrator/ ADA Coordinator Debbie Isaacs. Per written response from HCUA Isaacs. Restrictive Housing was contacted. ADA Individuals are taken to Receiving to accommodate the ability to shower. No documentation to substantiate other complaints. The allegations were reviewed with Lieutenant McCarty, The Lieutenant had no knowledge of the allegations listed by the Individual and stated all ADA Individuals are allowed showers in the Receiving unit. A review of the Restrictive Housing log indicate the Individual was offered showers on 12/6/2021and 12/7/2021. A review of the Individual's living unit history shows Shabazz was moved to the Medical Unit on 12/8/2021 at approximately 1:05 pm. This Grievance Officer is unable to substantiate the Individual's allegations. This Grievance Officer recommends the Individual's in Custody grievance to be Denied, no evidence of wrongdoing ADA accommodations were met. *[handwritten:]* false only in HCO 20he observation Recieving was Covid + at that how can I take shower if no Accessible if offered

**Recommendation:**

Based upon total review of all available information, this Grievance Officer recommends the Individual's grievance be Denied. This Grievance Officer is unable to substantiate the Individual's allegations. All records indicate the Individual has received and continues to receive proper medical treatment and all ADA accommodations are being met.

David Hermetz CCII
_____        _____
Print Grievance Officer's Name                    Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response | |
|---|---|
| Date Received: 5/13/22 | ☒ I concur    ☐ I do not concur    ☐ Remand |

Action Taken:

**RECEIVED**
MAY 2 0 2022
ADMINISTRATIVE
REVIEW BOARD

_____        5/13/22
Chief Administrative Officer's Signature              Date

**Offender's Appeal To The Director**

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

_____    R53189    5-16-22
Offender's Signature                          ID#          Date

Distribution:   Master File; Offender                          Page 1                          DOC 0047 (Rev. 3/2019)

Assigned Grievance #/Institution: 81·12·21/BMRCC    Housing Unit: ACU I    Bed #

1st Lvl rec: 12·10·21

2nd Lvl rec: 12·17·21

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

| Date: 12-9-21 | Offender (please print): Malik Shabazz | ID #: R53189 | Race (optional): |
|---|---|---|---|
| Present Facility: Big Muddy River | | Facility where grievance issue occurred: Big Muddy River | |

**Nature of grievance:**

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Disciplinary Report
- ☐ Mail Handling
- ☐ Dietary
- ☐ Other (specify):
- ☒ Medical Treatment
- ☐ HIPAA
- ☒ ADA Disability Accommodation
- ☐ Restoration of Sentence Credit

RECEIVED
DEC 10 2021
BIG MUDDY RIVER CC
CLINICAL SERVICES

Date of report _____ Facility where issued _____

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
Chief Administrative Officer, only if EMERGENCY grievance
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

On 12-9-21, I spoke with Lt. McCarthy in HCU and
"restricted housing" about how I haven't recieved a shower
since 12-5-21 in general population. I am wheelchair bound and
partially incontinent where I've had a few accidents since 12-5
and have been forced to wear soiled clothing in urine and feses
matter with no shower. My bed linen is also soiled and 7-3 shift
C/O said there were no clean linen and nothing he could do

☒ Continued on reverse

**Relief Requested:** be compensated, issues documented & every party
involved be relieved of duties and Director be notified

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☐ Check if this is NOT an emergency grievance.

| Offender's Signature | ID# R53189 | Date 12-9-21 |
|---|---|---|

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)** Date Received: _____ ☒ Send directly to Grievance Officer

RECEIVED
DEC 17 2021
BIG MUDDY RIVER CC
GRIEVANCE OFFICE

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response: _____

Print Counselor's Name _____ Sign Counselor's Name _____ Date _____

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:** Date Received: 12·13·21

Is this determined to be of an emergency nature?

☒ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure.

RECEIVED
MAY 20 2022
ADMINISTRATIVE
REVIEW BOARD

| Chief Administrative Officer's Signature Richard _____ | Date 12·15·21 |

Distribution: Master File; Offender    Page 1 of 2    DOC 0046 (Rev. 01/2020)

1st Lvl rec.

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

2nd Lvl rec.

Shower issued was addressed to Lt McCarthy and not resolved
Major was requested as next step of protocol at med
pass out in "restricted-housing" via C/O Kirkpatrick
and nurse Knox but chuckhold was slammed shut
without Major making appearence. Major was
requested by every C/O working in restricted-housing
making routine checks but) ignored. Crisis Team
also requested but ignored also
Grievance request also ignored
Medical emergency request also ignored & disregarded
Request Slip request denied

Mail turn in ignored (legal mail dead line)

I am be isolated from every right and being
retaliated against,

Distribution: Master File; Offender

Page 2 of 2

DOC 0046 (Rev. 01/2020)

Assigned Grievance #/Institution: 80·12·21/BMRCC     Housing Unit HCU 1   Bed #

1st Lvl rec 12·10·21

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

2nd Lvl rec 12·17·21

| Date: 12-7-21 | Offender (please print): Malik Shabazz | ID #: R53189 | Race (options) |
|---|---|---|---|
| Present Facility: Big Muddy River | | Facility where grievance issue occurred: Big Muddy River C.C. | |

**Nature of grievance:**

☐ Personal Property    ☐ Mail Handling    ☐ Medical Treatment    ☒ ADA Disability Accommodation
☒ Staff Conduct    ☐ Dietary    ☐ HIPAA    ☐ Restoration of Sentence Credit
☐ Transfer Denial by Facility    ☐ Other (specify):        **RECEIVED**
☐ Disciplinary Report

Date of report       Facility where issued     DEC 10 2021
BIG MUDDY RIVER CC

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

1. Malik Shabazz was housed in restricted-housing Seg cell 34 on 12·6·21. On shower day notice was taken that Seg shower is "not" ADA Accessible for wheelchairs. Issues have been addressed to every type of staff available at Big Muddy River. According to Administrative Directive Section 4, Subsection 1, Subject III, wheelchair ADA inmates cannot be housed where accessibility is not accommodated for shower & housing

☒ Continued on reverse

**Relief Requested:**
I be released from Restricted-housing immediately, with no discipline or retaliation. Involved, Parties be fined and fired for violating the law and Constitutional Rights

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
☐ Check if this is NOT an emergency grievance.

Offender's Signature    R53189    ID#    12 9 21    Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**    Date Received:    ☒ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277   **RECEIVED**

Response:       DEC 17 2021
~~BIG MUDDY RIVER CC~~
GRIEVANCE OFFICE

Print Counselor's Name      Sign Counselor's Name      Date    **RECEIVED**

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the Grievance Officer.

**EMERGENCY REVIEW:**   Date Received: 12 12 21

Is this determined to be of an emergency nature?
☒ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

MAY 20 2022
ADMINISTRATIVE
REVIEW BOARD

Chief Administrative Officer's Signature      12 15 21    Date

Distribution: Master File; Offender     Page 1 of 2     DOC 0046 (Rev. 01/2020)

Housing Unit _____   Bed #: _____

1st Lvl rec _____   **ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**   2nd Lvl rec: _____

Meaning that an institution can house a wheelchair
inmated in housing that doesn't accomodate wheelchair
accessibility

"Restricted - housing" in Big Muddy River C.C. does
not have a ADA wheelchair accessible shower
which is in direct violation of the ADA laws of
discrimination
 Also violates IDOC's Administrative Directive
Section 4, Subsection 1, Subject III of ADA Accomodation
Where you cannot house me somewhere without
ADA Accessible Shower. And in fact, "Restricted-
Housing" Does not have ADA Accessible Shower

 Part G of general Directives of this code say
"structural" adjustment must be made.

 The American Disabilites Act protects every
disabled person from discrimination and retaliation.
Administration is in direct violation of following:

 ADA rules & regulation
Administrative Directive Section 4, Subsection 1, Subject III
 (ADA Accomodations)

 8th Admentment Rights - Cruel and Unusual Punishment

Distribution: Master File; Offender      Page 2 of 2      DOC 0046 (Rev. 01/2020)

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

| Grievance Officer's Report | | |
|---|---|---|
| ate Received: 12/17/2021 | Date of Review: 05/10/2022 | Grievance # (optional): 80-12-21 |
| Offender: SHABAZZ,MALIK | | ID#: R53189 |

**Nature of Grievance:**

ADA Accommodations

**Facts Reviewed:**

The Individual in Custody Claims the Following: States the Restrictive Housing shower is not ADA accessible for wheelchairs.

Relief Requested: The Individual in Custody requests to be released from Restrictive Housing immediately with no discipline.

The Individual's in Custody allegations were reviewed by Health Care Unit Administrator/ ADA Coordinator Debbie Isaacs. Per written response from HCUA Isaacs. Restrictive Housing was contacted. ADA Individuals are taken to Receiving to accommodate the ability to shower. No documentation to substantiate other complaints.  This Grievance Officer recommends the Individual's in Custody grievance to be Denied, no evidence of wrongdoing ADA accommodations were met.

*False - Receiving was Covid + in Dec.*

**Recommendation:**

Based upon total review of all available information, this Grievance Officer recommends the Individual's grievance be Denied. All records indicate the Individual has received and continues to receive proper medical treatment and all ADA accommodations are being met.

David Hermetz CCII
Print Grievance Officer's Name                                   Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response | | |
|---|---|---|
| Date Received: 5/13/22 | ☒ I concur    ☐ I do not concur    ☐ Remand | |

**Action Taken:**

RECEIVED

MAY 2 0 2022

ADMINISTRATIVE
REVIEW BOARD

Richard Morenthelu (KW)                    5/13/22
Chief Administrative Officer's Signature          Date

| Offender's Appeal To The Director | |
|---|---|

I am appealing the Chief Administrative Officer's decision to the Director.  I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

Offender's Signature          R53189          5-11-22
ID#          Date

Assigned Grievance #/Institution: 42.2.22/BMRCC                    Housing Unit: 4512    7-AL22    Bed #:

1st Lvl rec: 2.2.22                 **ILLINOIS DEPARTMENT OF CORRECTIONS**        2nd Lvl rec:
                                    **Offender's Grievance**

| Date: 2.1.22 | Offender (please print): MARK SHABAZZ | ID #: R53189 | Race (optional): |

| Present Facility: Big Muddy River | Facility where grievance issue occurred: Big Muddy River |

**Nature of grievance:**

☐ Personal Property          ☐ Mail Handling          ☒ Medical Treatment       ☐ ADA Disability Accommodation
☐ Staff Conduct             ☐ Dietary                ☐ HIPAA                   ☐ Restoration of Sentence Credit
☐ Transfer Denial by Facility  ☐ Other (specify):
☐ Disciplinary Report

RECEIVED
FEB 02 2022
BIG MUDDY RIVER CC

Date of report _____   Facility where issued _____

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

On 1.28.22, I was informed By a nurse at morning mediline that my Tramadual (pain-medicated) has expired & As I ~~already~~ expressed to her That I desperately need my pain medication due to constant severe pain in neck area & left leg from recent paralysis where I was shot 3 times & I have bullets longed in my spine which causes severe pain & my left leg has also severe pain due to limited mobility which always aches. All of this is already known & should Be documented knowing I have chronic pain

☐ Continued on reverse

**Relief Requested:**

My pain medication "Tramadual" Be renewed immediately & as I Be compensated with monetary gain & punitive mannies for my pain & discomfort & N/Extend Be notified immediately of violations done here at Big Muddy River & issue Be investigated thoroughly

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☐ Check if this is NOT an emergency grievance.

_[signature]_   R53189   2.1.22
Offender's Signature   ID#   Date

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)   Date Received: 10-27-22   ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

**Response:**

Per HCU. Review medical chart. IIC being seen and to by licensed provider who determines medication and plan of care. Script and MAR reviewed IIC received all prescribed medications as ordered.

_[signature]_          _[signature]_          11-1-22
Print Counselor's Name    Sign Counselor's Name    Date

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**   Date Received: _____

Is this determined to be of an emergency nature?
☐ Yes, expedite emergency grievance
☐ No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure.

_____   _____
Chief Administrative Officer's Signature   Date

Distribution: Master File, Offender          Page 1 of 2          DOC 0046 (Rev. 01/2020)

Assigned Grievance #/Institution _____    Housing Unit _____    Bed # _____

1st Lvl rec _____                ILLINOIS DEPARTMENT OF CORRECTIONS                2nd Lvl rec _____
                                       **Offender's Grievance**

But on 1-31-22, I was told by nurse that the "Doctor" is not going to renew my medication which is unfair, inconsiderate, & deliberately indifferent to my medical needs because I have "chronic-pain" which bothers me severely & used to cause medical delay in performing daily activities is ignored.

First "Chronic pain" should always be treated which is purpose of it being defined as such & no Doctor has the right to ignore or deny treatment its aching pain in neck & legs can cause discomfort in sleeping, harm to self & limit ability to perform daily activities which can cause body to deteriorate which on Medical Department's part would be considered not only negligence but deliberate indifference to a "serious medical need."

All of above is a direct violation to my 8th Amendment Rights as the Constitution "guarantees" prisoners the right to medical-care supreme court ruled: "An inmate(s) must rely on prison authorities to treat his medical-needs & if prison fail to do so, those needs will not be met" which could cause harm & grounds to compensate with monetary gain due to negligence, deliberate-indifference & failure to treat." See Estelle v. Gamble, 429 U.S. 97 103 (1976).

See: Hill v. Dekalb Reg'l Youth Dev. (Tr.), 40 f. 3d 1176, 1187 (11th Cir. 1994)

Doctor has not only failed to respond appropriately to serious medical need but is outright "denying" to treat without even cause or examination to make decision to deny pain-meds.

See: Scott v. Ambani, 577 f. 3d 642 (6th Cir. 2008)
     Spruill v. Gillis, 372 f. 3d 218 (3d Cir. 2007)
     Meloy v. Bachmeier, 302 f. 3d 845, 849 (8th (Cir. 2002)

No medical professional has right to deny, ignore or be indifferent to a serious medical-need especially seeing I was shot 13 times & I have bullets lodged in spinal cord (C-4, C-5, C-6, C-7 spinal injury) in neck area & I have aching sharp pain in leg due to stiffness & immobility which both are defined as "Chronic-pain" & please be advised I am "not talking about the nerve-pain I have which is only those presently being treated."

And grievance is being filed to avoid legal-action.

Assigned Grievance #/Institution  51.5.22BMR

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

1st Lvl rec 5.5.22                                2nd Lvl rec 5.11.22

Housing Unit 4D

Date: 5-4-22  Offender (please print): MALIK SHABAZZ   ID #: K53185   Race (optional):

Present Facility: BMRCC    Facility where grievance issue occurred: BMRCC

**Nature of grievance:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report
- [ ] Mail Handling
- [ ] Dietary
- [x] Other (specify): IGNORED ISSUES & GRIEVANCE LOST
- [ ] HIPAA
- [x] Medical Treatment
- [x] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

RECEIVED
MAY 05 2022
BIG MUDDY RIVER CC
CLINICAL SERVICES

Date of report _____  Facility where issued _____

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
Chief Administrative Officer, only if EMERGENCY grievance
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

In the past few months I've filed several grievances regarding medical treatment, ADA Accommodations & others but for some strange reason I never recieved any response yet as if BMRCC has made a attempt to purposely misplace my grievances maliciously - This has been a normal practice as if everytime I have a legitimate issue, my grievance comes up missing preventing me from exhausting my administrative remedies in a timely manner. This is a malicious practice & illegal & unethical because if

[x] Continued on reverse

**Relief Requested:**

I be given Authorization to file issues with the PLRNers with exhaustion of remedies due to misplaced grievances & all grievances filed within 6 months be given as records or exhibits

[ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
[ ] Check if this is NOT an emergency grievance.

Offender's Signature [signature]   K53185   5-4-22
ID#   Date

(Continue on reverse side if necessary)

RECEIVED
MAY 1 1 2022
BIG MUDDY RIVER CC
GRIEVANCE OFFICE

**Counselor's Response** (if applicable)  Date Received: 5/5/22  [x] Send directly to Grievance Officer

[ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

**Response:**

BMRCC strictly adheres to DR504F in handling & processing of all grievances. All medical grievances are forwarded to the HCU Administrator for response and due to COVID, she is experiencing an increase in workload and is doing her best to respond to all of them in a timely manner. All ADA grievances are forwarded to ADA Coordinator. As outlined in the Individual in Custody Handbook, BMRCC utilizes locked wooden boxes labeled "grievances" in each housing unit which are collected on a daily basis by designated staff. No grievances are maliciously being lost or misplaced.

W. Maulding   W. M_____ CC 1   5/9/22
Print Counselor's Name   Sign Counselor's Name   Date

[ ] ...agree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the Grievance Officer.

RECEIVED

Date Received: _____

...cy nature: _____

...ted. Offender should submit this grievance according to standard grievance procedure

MAY 2 6 2022
ADMINISTRATIVE
REVIEW BOARD

5/20/22
...nief Administrative Officer's Signature   Date

Assigned Grievance #/Institution:

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

1st Lvl rec: _____    2nd Lvl rec: _____

IF I place my grievance in a locked box that only a Approved person has access to, there is no logical or justified reason why grievances come up missing, or are not Answered in timely manner. This is a direct violation of Administrative Directive of the grievance procedure.

Distribution: Master File; Offender                    Page 2 of 2

Assigned Grievance _____ Institution ___S.4.5.22/BMR___   Housing Unit ___4 D12___  Bed # _____

1st Lvl rec __S.5.22__   **ILLINOIS DEPARTMENT OF CORRECTIONS**   2nd Lvl rec __5.10.22__

**Offender's Grievance**

| Date: 5.4.22 | Offender (please print): Malik Shabazz | ID #: R53189 | Race (optional): |
| Present Facility: Big Muddy River | Facility where grievance issue occurred: Big Muddy River | | |

**Nature of grievance:**

| ☐ Personal Property | ☐ Mail Handling | ☒ Medical Treatment | ☐ ADA Disability Accommodation |
| ☐ Staff Conduct | ☐ Dietary | ☐ HIPAA | ☐ Restoration of Sentence Credit |
| ☐ Transfer Denial by Facility | ☐ Other (specify): | | |
| ☐ Disciplinary Report | | | |

_____ Date of report _____   _____ Facility where issued _____

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board.

Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.

Chief Administrative Officer, only if EMERGENCY grievance.

Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

Back in Feb. 2022 I was sent out to hospital in Mount Vernon, IL To be ORTHO. EVALUATED TO SEE why my LEFT LEG HAD EXCESSIVE SWELLING (MAINLY LEFT ANKLE). THERE THE Final DETERMINATION WAS THE "DOCTOR" AT Mount Vernon Hospital "ORDERED" OR INSTRUCTION TO ISSUE A "WEDGE" OR SOME TYPE of PROP FOR ME TO ELEVATE my LEG when lying DOWN. SINCE THEN, I've REGUESTED & complained To DR. LARSON HERE AT BMRCC on why he won't ADHERE TO A DOCTOR'S ORDER & ISSUE WHAT'S ORDERED & I'VE EVE ☒ Continued on reverse

**Relief Requested:** "DOCTOR'S ORDER" FROM Hospital BE honored & I BE GIVEN EITHER A "WEDGE", "PROP" OR APPROPRIATE #/pillows IN PILLOWCASE TO ELEVATE my LEG AS ORDERED OR I BE ALLOWED TO EXHAUST EXHAUSTION of ADMINISTRATIVE REMEDIES & GO TO COURT TO HAVE A JUDGE TO DECIDE with COMPENSATION FOR INCONVENIENCE.

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☐ Check if this is NOT an emergency grievance

_____ Offender's Signature _____   R53189 _____ ID# _____   5.4.22 _____ Date _____

(Continue on reverse side if necessary)

**RECEIVED**
MAY 10 2022
BIG MUDDY RIVER CC
GRIEVANCE OFFICE

**Counselor's Response (if applicable)**   Date Received: _____   ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response:

_____

_____

_____

_____

_____

_____

_____ Print Counselor's Name _____   _____ Sign Counselor's Name _____   _____ Date _____

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**   Date Received: __5.10.22__

Is this determined to be of an emergency nature?

☒ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

_____ Richard Moswellburry _____   5.10.22
Chief Administrative Officer's Signature   Date

Assigned Grievance #/Institution: _____                    Housing Unit _____    Bee #: _____

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

1st Lvl rec: _____                                                    2nd Lvl rec: _____

ADDRESSED ISSUE WITH INSTITUTION AS FAR AS ISSUING AN ALTERNATIVE, SUCH AS A "TED" PILLOWS IN PILLOWCASE. TO NO AVAIL; I'VE BEEN IGNORED & DISREGARDED AS NORMAL. ITS BEEN ALMOST 3 THREE MONTHS NOW & NOTHING HAS BEEN DONE AS FAR AS ISSUING EITHER A "WEDGE"; "PROP" OR EVEN ALTERNATIVE & SWELLING IS A CONTINUING PROBLEM.

THIS IS CONSIDERED A SERIOUS MEDICAL NEED & BARCC'S ADA & HCU ADMINISTRATORS HAS FAILED TO COMPLY OR ACCOMMODATE MY NEEDS WHICH IS CLEARLY "DELIBERATE-INDIFFERENT" & "NEGLIGENCE" WHICH MEANS: "FAILS TO USE REASONABLE CARE"

THE CONSTITUTION HAS GUARANTEED ME THE RIGHT TO ADD MEDICAL CARE/TREATMENT & THE ADA COMPLIANCE ACT GUARANTEES ME THE RIGHT TO BE ACCOMMODATED ADEQUATELY.

SEE: ESTELLE V. GAMBLE, 829 U.S 97, 103 (1976)
H.llv. DeLa'& Req'l Youth Det Ctr. 40 F. 3D. 1176, 1187 (1994)

BARCC'S HCU ADMINISTRATION IS BEING NEGLIGENT, INDIFFERENT & INCONSISTENT TO A SERIOUS MEDICAL NEED WITH NO REASONABLE JUSTIFICATION.
A "WEDGE", PROP OR ALTERNATIVE TO PROP MY LEG UP FOR ELEVATION POSE NO THREAT TO SAFETY OR SECURITY TO INSTITUTION IN NO WAY OR FORM.

Page 2 of 2                                                              DOC 0046 (Rev. 01/2020)

Assigned Grievance #/ls.: ____ on ____ 106.4.22/BMR                    Housing Unit 4 D12    DEU #: ____

**ILLINOIS DEPARTMENT OF CORRECTIONS**
1st Lvl rec 4.13.22                                                      2nd Lvl rec 4.14.22
**Offender's Grievance**

| Date: 4.13.22 | Offender (please print): MALIK SHARTZ | ID #: R53189 | Race (optional): |
|---|---|---|---|
| Present Facility: Big Muddy River | Facility where grievance issue occurred: Big Muddy River | | |

**Nature of grievance:**

☐ Personal Property          ☐ Mail Handling          ☒ Medical Treatment          ☐ ADA Disability Accommodation
☐ Staff Conduct             ☐ Dietary               ☐ HIPAA                      ☐ Restoration of Sentence Credit
☐ Transfer Denial by Facility ☒ Other (specify) EMERGENCY Health Issue OF PH RECEIVED
☐ Disciplinary Report

Date of report _____    Facility where issued    APR 13 2022

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.    CLINICAL SERVICES CC

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

For several months, I've been complaining to this staff & Dr. Larson at Big Muddy River about excessive swelling in left leg (ankle) & the uncontrolability of throbbing. I've seen nurses through sick-call several times, I've seen Dr. Larson several times where he enter books possibility of what can be serious, I even went out to outside hospital on emergency to ensure "blood clots" aren't present at hospital in Mount Vernon where blood clot was seen at institution's HCU but not seen at outside hospital. Due to

                                                                         ☒ Continued on reverse

**Relief Requested:**

Be given Ted-holes right away & a PRP to lay on my bed to elevate leg as hospital Dr. ordered to be issued, or take notice the Federal Civil Actions in process through 1983 Act. for myself to be compensated monetarily & punitive damages & I feel transferred to the best equipped ADA prison immediately because "BMRCC" has failed (or deliberately ignored) me out of retaliation to cause permanent harm or death.

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☐ Check if this is NOT an emergency grievance.

_____ [signature] _____                    R53189                    4.13.22
Offender's Signature                        ID#                       Date

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)    Date Received: _____    ☐ Send directly to Grievance Officer    RECEIVED

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277    APR 14 2022

Response: _____    BIG MUDDY RIVER CC
                                                              GRIEVANCE OFFICE

_____    _____    _____
Print Counselor's Name          Sign Counselor's Name              Date

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**    Date Received: 4.13.22

Is this determined to be of an emergency nature?
☒ Yes, expedite emergency grievance
☐ No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

_____ Richard Moroughalucuso _____                    4.15.22
Chief Administrative Officer's Signature                Date

Distribution: Master File; Offender                    Page 1 of 2    DOC 0046 (Rev. 01/2020)

Assigned Grievance #Institution                                    Housing Unit ____        Bed # ____

1st Lvl rec. ____                    ILLINOIS **DEPARTMENT OF CORRECTIONS**              __d Lvl rec. ____
                                          **Offender's Grievance**

All of this, swelling is present & worsening & pain is worst. Dr. Larson makes up excuses saying its sodium intake but I am low on sodium. Then at Mount Vernon hospital, the doctor there issued an order. Not a recommendation but a "order" for institution to issue "ted-hoses" & some type of prop to elevate leg over 2 months ago & Dr. Larson refuses to order necessary items that outside doctor "ordered him to do" But Dr. Larson told me he would not but he is the one who sent me to outside hospital for doctor's inspection but refuses to comply placing me at risk of irreparable harm or even death.

I am a ward of the state in custody of Illinois Dept. of Corr. where funds are provided to ensure I am treated medically & I have my own personal insurance & IDOC is recieving "extra-funds" because I am a disabled person who is wheelchair bound & protected through the American Disability Act so why am I not being treated medically with adequate care if extra-funds are supplied to ensure my health is in stable condition.

All of this is a violation of 8th amendment of the Constitution & a case of deliberate-indifference because Large HCU is aware of situation & conditions & has failed to respond appropriately to a serious medical-need & has delayed access to treat my medical need.

See Cases: Estelle, 429 U.S. at 104
            (Brock v. Wright 315 f.3d 158 (2nd Cir. 2003)
            Scott v. Ambani 577 f.3d 642 (6th Cir. 2009)
            Plows v. District of Colombia 514 f.3d 1378 (D.C. Cir. 2008)

Please be advised my family has been notified of this grievance & appeals it anything happens to me as I plan to submit to courts for legal suit against all inmate parties at DARROC which will be named as witnesses too & against parties here.

( Submit a extremely urgent emergency grievance )

Please take notice

---

Distribution: Master File; Offender          Page 2 of 2                    DOC 0046 (Rev. 01/2020)

Assigned Grievance #/Institution: 121.3.22/ BMRCC

1st Lvl rec: 2.14.22

Housing Unit: 4N2    Bed #:

2nd Lvl rec: 3.16.22

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

Date: 3.12.22    Offender (please print): Malik Shabazz    ID #: K53189    Race (optional):

Present Facility: BMRCC.    Facility where grievance issue occurred: BMRCC.

**Nature of grievance:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report
- [ ] Mail Handling
- [ ] Dietary
- [ ] Other (specify): _____
- [x] Medical Treatment
- [ ] HIPAA
- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

Date of report _____    Facility where issued _____

RECEIVED
MAR 16 2022
BIG MUDDY RIVER CC
CLINICAL SERVICES

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor

Chief Administrative Officer, only if EMERGENCY grievance

Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

Over a month or maybe two, I filed a grievance addressing that my pain medication was being refused to renew by Dr. Larsen so for no justifiable reason & grievance was received but I haven't had a response given back & nothing has been done by anyone which makes this a "subjective matter" meaning Administration was informed & purposely did nothing by ignoring me. I have chronic pain where I was shot 13 times with bullets & lounged in my spine, neck & chest & back area & wheelchair bound [x] Continued on reverse

Relief Requested:

That I be allowed to exhaust administrative remedies to proceed & allow courts to decide & show I am being treated deliberately indifferent.

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
[ ] Check if this is NOT an emergency grievance.

Offender's Signature _____ K53189    ID    3.12.22    Date
(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**    Date Received: _____    [ ] Send directly to Grievance Officer    RECEIVED

[ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277    MAR 16 2022
BIG MUDDY RIVER CC GRIEVANCE OFFICE

Response: _____

Print Counselor's Name _____    Sign Counselor's Name _____    Date _____

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**    Date Received: 3/15/22

Is this determined to be of an emergency nature:
[x] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

Richard Morrutta (signature)    3/15/22
Chief Administrative Officer's Signature    Date

Distribution: Master File; Offender    Page 1 of 2    DOC 0046 (Rev. 01/2020)

Assigned Grievance #/Institution _____ Housing Unit _____ Bed # _____

1st Lvl rec. _____

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

2nd Lvl rec. _____

And this pain has existed for almost 2 years now (chronically) & is severe & even worst now without medication to treat. I feel this is being done as a conspiracy of this Administration (retaliating against me for using grievance procedure which is my right. Administration has quilt a "alliance" with security staff, medical staff & fiscal staff & even Clinical service staff to isolated me & make me suffer with excruciating pain with an intention to cause detrimental or even permanent disfigurement to my body & health which is "Cruel & Unusual" that constitutes a violation of 8th Amendment right.

I've suffered the past couple of months with so much pain that sleep is unusual, some daily activities are compromised ~~and being~~ & has brought so much stress mentally that my mood is aggravated. Why am I treated so different? Why am I not being seen by doctor to be examined.

I wrote over 15 sick call slips & sick call. I was seen 3 times in total. Been referred to ~~see~~ Dr. Larson at least 7 times & nothing where I still haven't seen him yet.

I filed a grievance & it is either being held purposely by counselor's office or been destroyed & thrown away becuz I've heard nothing & still in same or even worst condition.

This is a violation of procedual due process also!

Distribution: Master File; Offender          Page 2 of 2          DOC 0046 (Rev. 01/2020)



RECEIVED

MAY 1 2 2022

ADMINISTRATIVE
REVIEW BOARD

Dear Director

5-9-22

I would like you to take into consideration in reviewing Grievance # 193-3-22 as they dated Warden signed off on it 3-23-22 but then briefly just sent it back to me cause he & Teddy was cross cause it was ask to mail me to lock it. Employees (Staff) or other residents but its totally unfair too by mail to be held purposely to discourage me from processing it by not retaliating thru BHU when 3½ Mos Ex-Red Director this is the direct treatment I've been complaining to you about — The problem w/such Retaliations in sight at (?) be re censored & hostility? interesting & courteous & secure - Thank you

Mark Sanders #(?)32(?)

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

| Grievance Officer's Report | | |
|---|---|---|

Date Received: 03/22/2022     Date of Review: 03/24/2022     Grievance # (optional): 123-3-22

Offender: SHABAZZ, MALIK                 ID#: R53189

**Nature of Grievance:**

Staff Conduct

**Facts Reviewed:**

The Individual in Custody Claims the Following: Claims that security staff, Nurses, and other medical staff and Clinical Services staff have treated him unjust and is being retaliated against for exercising the right to grieve issues.

Relief Requested: The Individual in Custody requests to be transfered to lower level security to Dixon CC or to receive monetary compensation.

           A review of all available information concerning the Individual's in Custody allegations have been concluded. This Grievance Officer concurs with the Counselor's response. Per this Grievance Officer's review, the Individual in custody fails to demonstrate a violation of rights, damages incurred, or injuries suffered in grievance. The Individual in Custody has failed to Identify an incident of occurrence. The grievance fails to list details regarding an aspect of a complaint to include what had happened, when an incident happened, where it may have happened, or to name or describe who may be involved. The Individual in Custody fails to meet DR 504.810 grievance should clearly identify an incident and the time frame as outlined in the Departmental Rules. This Grievance Officer recommends the Individual's in Custody grievance to be Denied, no evidence of wrongdoing.

**Recommendation:**

Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the Individual's in Custody grievance to be Denied. A review of department rules and institutional policies indicate staff have followed procedures. No evidence of wrongdoing can be substantiated.

David Hermetz CCII
Print Grievance Officer's Name
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

_Grievance Officer's Signature_

| Chief Administrative Officer's Response | | |
|---|---|---|

Date Received: 8/23/22     ☒ I concur     ☐ I do not concur     ☐ Remand

Action Taken:

RECEIVED

MAY 12 2022

ADMINISTRATIVE
REVIEW BOARD

Richard Mogenthaler (RM)
Chief Administrative Officer's Signature     8/23/22
                                             Date

| Offender's Appeal To The Director | | |
|---|---|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

Malik Shabazz     R53189     5-9-22
Offender's Signature              ID#                Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

1st Lvl rec 3-14-22                                    2nd Lvl rec 3-22-22

| Date: 3/12/20 | Offender (please print): Malik Shabazz | ID #: R53189 | Race (optional): |

| Present Facility: BMRCC | Facility where grievance issue occurred: BMRCC |

**Nature of grievance:**

☐ Personal Property          ☐ Mail Handling          ☐ Medical Treatment          ☐ ADA Disability Accommodation
☒ Staff Conduct               ☐ Dietary                   ☐ HIPAA                          ☐ Restoration of Sentence Credit
☐ Transfer Denial by Facility ☒ Other (specify) Security staff Medical, Psch staff Retaliating in Allara
☐ Disciplinary Report

Date of report _____ MAR 18 2022  Facility where issued
BIG MUDDY RIVER CC

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":**

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
Chief Administrative Officer, only if EMERGENCY grievance
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):**

Recently, I've filed several grievances against security staff members, nurses & other medical staff & even challenged several unjustifiable rules & procedures here at BMRCC. & instead of acceptance of motions, correction & adjustments to comply right for fair to constitutional rights. The only response I've gotten is "indirect & direct retaliation of all forms G: medical, security & even clinical services. I've been retaliated against for exercising my right to grieve issues where I've been intimidated by security.

☒ Continued on reverse

**Relief Requested:**

I be transferred "laterally" or to a lower level security & allowed to exhaust my administrative remedies to let the courts decide if I'm entitled to a monetary gain or some type of injunction be issued + ~~~~ Dixon C.C. for ADA Accommodations

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☐ Check if this is NOT an emergency grievance.

_____  R53189        3-12-22
Offender's Signature                    ID#              Date
(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**    Date Received: _____    ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

RECEIVED
MAR 22 2022
BIG MUDDY RIVER CC
GRIEVANCE OFFICE

Response: Per this Counselor's review, the individual in custody fails to demonstrate a violation of the rights. The individual in custody has failed to identify an incident or occurrence of such "harassment and retaliation" Grievance fails to list details regarding complaint to include what happened, when an incident happened, where it happened, or to name or describe who may have been involved.

W. Maulding  CCI        _____ CCI      3-21-22
Print Counselor's Name       Sign Counselor's Name       Date

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**    Date Received: 3/15/22

Is this determined to be of an emergency nature?

☐ Yes, expedite emergency grievance
☒ No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

MAY 12 2022
ADMINISTRATIVE
REVIEW BOARD

_____         3/15/22
Chief Administrative Officer's Signature        Date

Distribution: Master File; Offender                              Page 1 of 2

& treated indifferently by medical & staff of psych by denying what's
needed to remain healthy physically & mentally. Where all forms
of "Retaliation" is forbidden & unconstitutional But here at BCMRCC
this is a normal thing. I've had medical issues, psych issues,
security issues, clinical issues & even Religious & discrimination issues
and also ADA disability issues I "unaddressed" in grievance forms &
now I am paying a consequence of Retaliation of all forms by different
bodies of staff where I am now a "Target" here at BCMRCC & now
I don't know how to deal a war that has been started making it
unsafe & longwise to remain in this facility. The counselor won't even
talk to me (or help assist with certain issues. (Dw) I don't know
who I can trust or where the next problem may come from because
I'm isolated with no assistance to be heard.
(clearly, this is a "campaigned" harassment".
see Calhoon v. Haggone, 312 F. 3d 730 (5th Cir, 2002)

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

| Grievance Officer's Report |
|---|

Date Received: 05/11/2022    Date of Review: 05/13/2022    Grievance # (optional): 51-5-22

Offender: SHABAZZ, MALIK    ID#: R53189

Nature of Grievance:

Other

**Facts Reviewed:**

The Individual in Custody Claims the Following: that over the last several months have filed medical treatment, ADA issues and others, but have not received any responses.

Relief Requested: The Individual in Custody requests to be given authorization to file issues within codes with exhaustion of remedies due to misplaced grievances and all grievances filed within 6 months be given as records.

A review of all available information concerning the Individual's in Custody allegations have been concluded. This Grievance Officer concurs with the Counselor's response. Big Muddy River strictly adheres to Departmental Rule 504 in handling and processing of all grievances. All medical grievances are forwarded to the Health Care Unit Administrator for response, and all ADA grievances are forwarded to the ADA Coordinator for response. Upon review of the grievance log from January 2022 through April 2022 the Individual has filed 16 grievances. In the month of May 2022, the Grievance Office has responded to 3 medical grievances. No grievances are being lost or misplaced all grievances are being processed. This Grievance Officer recommends the Individual's in Custody grievance to be Denied, no evidence of wrongdoing.

**Recommendation:**

Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the Individual's in Custody grievance to be Denied. A review of department rules and institutional policies indicate staff have followed procedures. No evidence of wrongdoing can be substantiated.

David Hermetz CCII
Print Grievance Officer's Name    Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable.)

| Chief Administrative Officer's Response |
|---|

Date Received: 5/19/22    ☒ I concur    ☐ I do not concur    ☐ Remand

Action Taken:

**RECEIVED**

MAY 26 2022

ADMINISTRATIVE
REVIEW BOARD

Richard Morgenthaler (cucu)    5/19/22
Chief Administrative Officer's Signature    Date

| Offender's Appeal To The Director |
|---|

Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief ... decision be received by the Administrative Review Board. P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy ... cluding the counselor's response if applicable, and any pertinent documents.)

Offender's Signature    R53189    5-22-22
ID#    Date

RECEIVED
LAWRENCE CC 09-22-011    Housing Unit S-AL-21
Assigned Grievance #/Institution

1st Lvl recd AUG 01 2022    ILLINOIS DEPARTMENT OF CORRECTIONS    2nd Lvl recd
GRIEVANCE OFFICE    Offender's Grievance

| Date: 7 | Offender (please print): MALIK ShabAZZ | ID # RS3189 | Race (optional): |
|---|---|---|---|
| Present Facility: LAWRENCE C.C | | Facility where grievance issue occurred: BIG MUDDY RIVER C.C | |

**Nature of grievance:**

☐ Personal Property    ☐ Mail Handling    ☒ Medical Treatment    ☒ ADA Disability Accommodation
☐ Staff Conduct    ☐ Dietary    ☐ HIPAA    ☐ Restoration of Sentence Credit
☐ Transfer Denial by Facility    ☐ Other (specify): _____
☐ Disciplinary Report

_____    _____
Date of report    Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and place in the designated locked receptacle marked "grievance".

　Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
　Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
　Chief Administrative Officer, only if EMERGENCY grievance
　Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs,
　issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

On 7-24-22 in Big Muddy River staff used EXCESSIVE force
when Taking me to Restricted-Housing where I suffered
Trauma without Receiving Proper medical Treatment where I
was Punched in Eye Which now is Blurry, hit in Right EAR
where I have Constant ringing & I have multiple scratches & bruises
& pain. Medical Treatment was Requested from 7-24-22 - 7-27-22
To no avail & Then I was shipped Out with no medical Treatment To
☒ Continued on reverse

**Relief Requested:**
I seek To either Receive Monetary & Punitive gain or (be
released from Restricted-Housing, privileges Restored &
Receive Proper Treatment with ADA Accommodations & Protected
from Retaliation

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☐ Check if this is NOT an emergency grievance.

_____    RS3189    7-25-22
Offender's Signature    ID#    Date
(Continue on reverse side if necessary)    RECEIVED

**Counselor's Response (if applicable)**    Date Received: 8/4/22    ☐ Send directly to Grievance Officer    SEP 20 2022

☒ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277    ADMINISTRATIVE REVIEW BOARD

Response:
　—Duplicate Grievance to #8-22-071.

_____    _____    9/13/2022
Print Counselor's Name    Sign Counselor's Name    Date

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**    Date Received: _____

Is this determined to be of an emergency nature?

☐ Yes, expedite emergency grievance
☒ No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

_____    _____
Chief Administrative Officer's Signature    Date
Page 1 of 2    DOC 0046 (Rev. 01/2020)

Distribution: Master File, Offender

 med Grievance #/institution

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

1st Lvl rec.                                                2nd Lvl rec.

to LAWRENCE. I'VE EVEN COMPLAINED HERE.
In Big Muddy River I WAS IN soiled feces & urine UNDERWEAR
from 7.24.22 - thru 7.27.22 WITH NO SHOWER OR TREATMENT
for wounds OR TENDER SKIN. All STAFF WERE AWARE BUT IGNORED
THE MATTER BY ATTEMPTING TO COVER-UP MISTREATMENT & THE
Title II ADA LAWS & CONSTITUTIONAL RIGHTS OF REFUSING
ADEQUATE MEDICAL TREATMENT Which CONSTITUTED CRUEL & UNUSUAL
PUNISHMENT DUE TO THIS BEING A SERIOUS MEDICAL NEED
& DELIBERATE INDIFFERENCE TOWARDS ME & MY DISABILITY ISSUES
I MARK SHABAZZ K53189 IS A DISABLED PERSON BOUND TO
WHEELCHAIR WITH LIMITED MOBILITY & ALL OF THIS WAS DONE TO
RETALIATE AGAINST ME FOR PREVIOUS GRIEVANCES WRITTEN AGAINST
All STAFF AT B.M.C.C & DISCIPLINARY AS A COVER-UP TO
CONCEAL INADEQUATE MEDICAL TREATMENT, DELIBERATE INDIFFERENCE
& Title II OF ADA VIOLATIONS

Distribution: Master File: Offender            Page 2 of 2            DOC 0046 (Rev. 01/2020)

RECEIVED

LAWRENCE

Assigned Grievance # / Institution:  09-22-1166    Housing Unit: SAU-21  Bed #:

1st Lvl rec: SEP 27 2022

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

2nd Lvl rec.

| Date: 9-25-22 | Offender (please print): MALIK SHABAZZ | ID #: RS3189 | Race (optional): |

| Present Facility: LAWRENCE C.C. | Facility where grievance-issue occurred: LAWRENCE C.C |

**Nature of grievance:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report
- [ ] Mail Handling
- [ ] Dietary
- [X] Other (specify): GRIEVANCE PROCEDURE - Holding GRIEVANCES - SO THAT EXPIRES
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

Date of report ___ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":**

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
Chief Administrative Officer, only if EMERGENCY grievance
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

Since Transferred to Lawrence C.C. I, Malik Shabazz #RS3189 have filed several grievances on legitimate issues. But for some reason, every time I recieve a grievance back with response, it is signed off on a date but when I get it back its a month later than signed-date by staff. This is a "tactic" practiced by staff to prevent me from exhausting administrative remedies, so when I Appeal to A.R.B., I recieve a response that I'm outside of time-frame. I have reason to believe staff is purposely doing this to

[X] Continued on reverse

**Relief Requested:** (continued)

I wish for practice to stop immediately & to have a talk with the Warden.

I also wish to be compensated by either institution or federal courts for violation of rights & prevent these issues from being addressed

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
- [ ] Check if this is NOT an emergency grievance

| Offender's Signature (signed) | ID# RS3189 | Date 9-25-22 |

(Continue on reverse side if necessary)

Counselor's Response (if applicable)   Date Received: 10/4/2022   [ ] Send directly to Grievance Officer

[ ] Outside jurisdiction of this facility, Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

**Response:**

Grievances are answered as time and staffing allows. There is no evidence that any staff is retaliating against I/c and intentionally holding grievances.

| Print Counselor's Name (Adamson) | Sign Counselor's Name | Date 10/4/2022 |

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

EMERGENCY REVIEW:   Date Received: ___

Is this determined to be of an emergency nature?

- [ ] Yes, expedite emergency grievance
- [ ] No, an emergency is not substantiated.  Offender should submit this grievance according to standard grievance procedure

Chief Administrative Officer's Signature ___ Date ___

Distribution: Master File; Offender    Page 1 of 2    DOC 0046 (Rev. 01/2020)

Assigned Grievance # Institution:                           Housing Unit
1st Lvl rec.                    ILLINOIS DEPARTMENT OF CORRECTIONS
                                    Offender's Grievance                              2nd Lvl rec.

As a means to prevent me from exhausting the grievance procedure in the alloted time so that it looks like I'm not filing / or appealing in the proper time limit so my issues will not be addressed or resolved which is a "unethical" practice & can be viewed as "retaliation" which violates my Constitutional Rights.

For example:
* Grievance # 8-22-232 signed 8-30-22 but not received til 9-23-22
* Grievance # 8-22-071 & 8-22-072 were signed off by C.A.O. 8-13-22 but I didn't receive the grievance & noticed until 9-8-22

* Grievance # 8-22-059 & 8-22-058 were declared "non-emergency" & signed by C.A.O. on 8-5-22 but I just received them back on 9-12-22

And there are a few more like this & some I haven't even seen but my point is this "unethical tactic & practice" violates federal law & procedures. It also is in opposition to Administrative Directive on grievance procedures. My rights are being violated to prevent me from exercising my rights of grievance procedure & I have reason to believe it may be done as a form of "retaliation" & to "cover-up" issues.

And this practice has caused isle grievance 12-7-28 to be denied by A.R.B. saying that it wasn't within bounds.

Grievances are placed in a lockbox only handled by counselor & the grievance officer. After reviewed & signed off by either counselor grievance officer / or the C.A.O. (the warden) so one of the above is responsible for this practice & violation of civil procedures.

Distribution: Master File; Offender                    Page 2 of 2                    DOC 0046 (Rev. 01/2020)

Director Rob Jeffreys                                    4.10.22

My name is Malik Shabazz #R53189 & I am in custody here at
Big Muddy River C.C. & I am writing you seeking your assistance on
addressing issues at Big Muddy River's Administration because here
the Administration (Counselors, Grievance Officers & ect) have built
a "Alliance" to cover up issues with tactics of Technicalities &
false information when grievance, requests, issues & even incidents
reported. Right now, I'm a muslim & muslims here are being
discriminated against, threated & treated poorly & unfair simply
because of our faith which violates U.S Constitution's / 1 Amendment
& 14th Amendment & Equal Protection Act is being disregarded.

Then when I try to file grievances, I'm met with resistance
from Counselors & even Grievance Officer using technical files
to keep from addressing important issues instead of having consideration
for our wellbeing, they seek to defeat. Why? Why not help, as
Arent we more then the crimes we committed. Don't we deserve
fair & reasonable treatment & a chance to redeem
ourselves. And now that I file grievances as procedures suggest
I'm always retaliated against & now they refuse to let me have
a job assignment & even spread rumors to staff, residents which
sometimes are false just to target me making my stay uncomfortable
& I'm paranoid. I just want fairness & muslim residents also.

@ Issues:
 1. Muslims be given proper Eid's after Ramadan
 2. Staff treat us fair as any other religous denomination,
 3. Retaliation against me be ceased
 4. I be given a job assignment as I've requested for almost 9 mon.

Sincerely

The closes is exempt of grievance                       Malik Shabazz
Tactics, I know its not exausted for                    #R53189
but examples with many more.

RECEIVED
APR 1 5 2022
ADMINISTRATIVE
REVIEW BOARD

J.B. Pritzker
Governor



Latoya Hughes
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Name: Shabazz, Malik

ID# : R53189

Facility: Lawrence CC

7/13/23
Date

This is in response to your grievance received on __8/3/22__. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: 7/29/22    Grievance Number: _____    Griev Loc: BMRCC

- [ ] Medical _____
- [ ] Dietary _____
- [ ] Personal Property _____
- [ ] Mailroom/Publications _____
- [x] Staff Conduct ____ Lt. Mason, Sgt Cottanard, CO Duggar, Young, Kidd, Christenson, Walsh
- [ ] Commissary / Trust Fund _____
- [ ] Conditions (cell conditions, cleaning supplies, etc.) _____
- [ ] Disciplinary Report: Dated: _____ Incident # _____
- [ ] Other _____

Based on a review of all available information, this office has determined your grievance to be:

- [ ] Affirmed
- [ ] _____
- [ ] Denied, in accordance with DR504F, this is an administrative decision.
- [ ] Denied, this office finds the issue was appropriately addressed by the facility Administration.
- [x] Other: Allegations of staff misconduct not substantiated. Denied.

- [ ] Denied as the facility is following the procedures outlined in DR525.
- [ ] Denied as procedures were followed in accordance with DR 420 for removal/denial from/for an assignment.
- [ ] Denied as this office finds no violation of the grievant's due process in accordance with DR504.80 and DR504 30. This office is reasonably satisfied the offense cited in the report was committed.

FOR THE BOARD: *Debbie Knauer*
Debbie Knauer
Administrative Review Board

CONCURRED: *Latoya Hughes*
Latoya Hughes
Acting Director

CC: Warden, Lawrence CC _____ Correctional Center
Shabazz, Malik _____, ID# R53189

*Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.*

***www.illinois.gov/idoc***

# State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | R53189 | **Counseling Date** | 02/06/23 14:14:06:093 |
| **Offender Name** | SHABAZZ, MALIK | **Type** | Collateral |
| **Current Admit Date** | 12/16/2020 | **Method** | Grievance |
| **MSR Date** | 09/07/2040 | **Location** | LAW COUNSELORS OFFICE HOUSING UN |
| **HSE/GAL/CELL** | R2-AL-01 | **Staff** | KNOWLTON, GRACE D., Office Coordinator |

GRV #02-23-001 marked emergency by individual in custody, forwarded to CAO for review concerning
ADA disability acomodations, medical permit and staff conduct.

# State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | R53189 | **Counseling Date** | 07/24/23 14:27:00:923 |
| **Offender Name** | SHABAZZ, MALIK | **Type** | Collateral |
| **Current Admit Date** | 12/16/2020 | **Method** | Grievance |
| **MSR Date** | 09/07/2040 | **Location** | LAW SEGREGATION |
| **HSE/GAL/CELL** | S -BL-01 | **Staff** | KNOWLTON, GRACE D., Office Coordinator |

GRV #07-23-257 received for review at 1st level concerning staff conduct and crisis/mental health treatment.

**Print Date** 7/24/2023

# State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | R53189 | **Counseling Date** | 07/24/23 14:20:33:350 |
| **Offender Name** | SHABAZZ, MALIK | **Type** | Collateral |
| **Current Admit Date** | 12/16/2020 | **Method** | Grievance |
| **MSR Date** | 09/07/2040 | **Location** | LAW SEGREGATION |
| **HSE/GAL/CELL** | S -BL-01 | **Staff** | KNOWLTON, GRACE D., Office Coordinator |

GRV #07-23-256 received for review at 1st level concerning staff conduct and medical treatment.

**Print Date** 7/24/2023

## State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | R53189 | **Counseling Date** | 07/24/23 14:30:55:847 |
| **Offender Name** | SHABAZZ, MALIK | **Type** | Collateral |
| **Current Admit Date** | 12/16/2020 | **Method** | Grievance |
| **MSR Date** | 09/07/2040 | **Location** | LAW SEGREGATION |
| **HSE/GAL/CELL** | S -BL-01 | **Staff** | KNOWLTON, GRACE D., Office Coordinator |

GRV #07-23-258 received for review at 1st level concerning staff conduct and medical treatment while on crisis watch.

**Print Date** 7/24/2023

# State of Illinois - Department of Corrections

## Counseling Summary

**IDOC #**  R53189

**Offender Name**  SHABAZZ, MALIK

**Current Admit Date**  12/16/2020

**MSR Date**  09/07/2040

**HSE/GAL/CELL**  S -BL-01

**Counseling Date**  07/24/23 14:32:24:647

**Type**  Collateral

**Method**  Grievance

**Location**  LAW SEGREGATION

**Staff**  KNOWLTON, GRACE D., Office Coordinator

---

GRV #07-23-259 received for review at 1st level concerning  access to wheelchair/ADA accommodations.

# State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | R53189 | **Counseling Date** | 08/09/23 09:11:56.907 |
| **Offender Name** | SHABAZZ, MALIK | **Type** | Collateral |
| **Current Admit Date** | 12/16/2020 | **Method** | Grievance |
| **MSR Date** | 09/07 | **Location** | LAW COUNSELORS OFFICE HOUSING UI |
| **HSE/GAL/CELL** | R4- | | |

"WILTON, GRACE D., Office Coordinator

GRV #08-23-073 received for review at 1st level concerning staff conduct and medical treatment.

## State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | R53189 | **Counseling Date** | 06/20/23 13:42:34:283 |
| **Offender Name** | SHABAZZ, MALIK | **Type** | Collateral |
| **Current Admit Date** | 12/16/2020 | **Method** | Grievance |
| **MSR Date** | 09/07/2040 | **Location** | LAW  COUNSELORS OFFICE HOUSING UN |
| **HSE/GAL/CELL** | R7-CL-22 | **Staff** KNOWLTON, GRACE D., Office Coordinator | |

GRV #06-23-001 received for review at 1st level concerning protective issues.

**Print Date  6/20/2023**

# State of Illinois - Department of Corrections

## Counseling Summary

|  |  |  |  |
|---|---|---|---|
| **IDOC #** | R53189 | **Counseling Date** | 08/16/23 10:24:52:550 |
| **Offender Name** | SHABAZZ, MALIK | **Type** | Collateral |
| **Current Admit Date** | 12/16/2020 | **Method** | Grievance |
| **MSR Date** | 09/07/2040 | **Location** | LAW SEGREGATION |
| **HSE/GAL/CELL** | S -AL-01 | **Staff** | KNOWLTON, GRACE D., Office Coordinator |

GRV #08-23-119 marked emergency by individual in custody, forwarded to CAO for review concerning staff conduct and PREA .

**Print Date** 8/16/2023

# State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | R53189 | **Counseling Date** | 09/06/23 14:18:36:460 |
| **Offender Name** | SHABAZZ, MALIK | **Type** | Collateral |
| **Current Admit Date** | 12/16/2020 | **Method** | Grievance |
| **MSR Date** | 09/07/2040 | **Location** | LAW SEGREGATION |
| **HSE/GAL/CELL** | S -AL-01 | **Staff** KNOWLTON, GRACE D., Office Coordinator | |

GRV #09-23-009 received for review at 1st level concerning PREA investigation.

**Print Date  9/6/2023**

## State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | R53189 | **Counseling Date** | 09/21/23 11:05:55:747 |
| **Offender Name** | SHABAZZ, MALIK | **Type** | Collateral |
| **Current Admit Date** | 12/16/2020 | **Method** | Grievance |
| **MSR Date** | 09/07/2040 | **Location** | LAW  SEGREGATION |
| **HSE/GAL/CELL** | S -AL-01 | **Staff** | KNOWLTON, GRACE D., Office Coordinator |

GRV #09-23-175 marked emergency by individual in custody, forwarded to CAO for review concerning cuffing and access to wheelchair.

**Print Date**  9/21/2023

# State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | R53189 | **Counseling Date** | 09/21/23 10:59:50:127 |
| **Offender Name** | SHABAZZ, MALIK | **Type** | Collateral |
| **Current Admit Date** | 12/16/2020 | **Method** | Grievance |
| **MSR Date** | 09/07/2040 | **Location** | LAW SEGREGATION |
| **HSE/GAL/CELL** | S -AL-01 | **Staff** | KNOWLTON, GRACE D., Office Coordinator |

GRV #09-23-172 marked emergency by individual in custody, forwarded to CAO for review concerning ADA accommodations.

**Print Date** 9/21/2023

## State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | R53189 | **Counseling Date** | 09/14/23 15:31:35:323 |
| **Offender Name** | SHABAZZ, MALIK | **Type** | Collateral |
| **Current Admit Date** | 12/16/2020 | **Method** | Grievance |
| **MSR Date** | 09/07/2040 | **Location** | LAW SEGREGATION |
| **HSE/GAL/CELL** | S -AL-01 | **Staff** | KNOWLTON, GRACE D., Office Coordinator |

GRV #09-23-110 marked emergency by individual in custody, forwarded to CAO for review concerning discontinue order for wheelchair and staff conduct.