## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MALIK SHABAZZ, #R53189,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 23-cv-03005-SMY** |
| | ) | |
| **ROB JEFFREYS,** | ) | |
| **DEBBIE ISSACS,** | ) | |
| **DENNIS LARSON,** | ) | |
| **RICHARD MORGENTHAIER,** | ) | |
| **LT. McCARTHY,** | ) | |
| **PERCY MYERS,** | ) | |
| **CARRISSA LUKING,** | ) | |
| **LAURIE CUNNINGHAM,** | ) | |
| **C/O FRENCH,** | ) | |
| **SGT. HOLLIS,** | ) | |
| **DR. BOOSE,** | ) | |
| **DeeDee BROOKHART,** | ) | |
| **NURSE PRACTITIONER WISE,** | ) | |
| **SGT. STOUT,** | ) | |
| **SGT. BRIDWELL,** | ) | |
| **LT. REID,** | ) | |
| **SGT. WILSON,** | ) | |
| **LT. LIVINGSTON,** | ) | |
| **C/O CRAWFORD,** | ) | |
| **C/O SEED, and** | ) | |
| **SGT. COTTONARD,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for preliminary review of the Second Amended Complaint filed by Plaintiff Malik Shabazz on October 20, 2023. (Doc. 14). Plaintiff is an inmate in the custody of the Illinois Department of Corrections (IDOC) and filed this action under 42 U.S.C. § 1983 for alleged violations of his federal rights by 21 officials at Big Muddy River Correctional Center (BMRCC) and Lawrence Correctional Center (Lawrence).

The Second Amended Complaint is subject to screening under 28 U.S.C. § 1915A, which requires dismissal of any claim that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from a defendant who is immune.  28 U.S.C. § 1915A(a)-(b).  The Court must also determine whether any claims or parties are improperly joined herein and subject to severance or dismissal.  *Dorsey v. Varga*, 55 F.4th 1094 (7th Cir. 2022); *George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

## Second Amended Complaint

Plaintiff makes the following allegations in the Second Amended Complaint (Doc. 14, pp. 13-19): Plaintiff is a wheelchair-bound inmate, who suffers from partial paralysis as a result of old gunshot wounds that left several bullets lodged in his body.  *Id*. at 13.

## Big Muddy River Correctional Center

Plaintiff was denied reasonable accommodations for his disabilities at BMRCC from July 2021 until July 2022.  *Id*. at 13.  ADA Coordinator Issacs refused to issue him a shower permit, even though frequent episodes of incontinence necessitated extra showers.  Issacs also denied Plaintiff's request for a special mattress to alleviate pain associated with his lingering injuries.  Issacs refused to consider, discuss, or respond to Plaintiff's requests for these accommodations in violation of the Americans with Disabilities Act (ADA) and Eighth Amendment.  *Id*.

Dr. Larson was the medical provider who treated Plaintiff at BMRCC.  Dr. Larson regularly met with Plaintiff to discuss his medical issues.  Dr. Larson refused to issue Plaintiff permits for extra showers or a special mattress, in violation of his rights under the ADA and Eighth Amendment.  *Id*.

Plaintiff filed grievances to complain.  He submitted them to Warden Morgenthaier and

IDOC Director Jeffreys.  Nothing was done to accommodate him.  *Id*.

For a week beginning December 6, 2021, Plaintiff was denied a shower because the wheelchair and shower stall were not compatible.  He sat soiled and humiliated in his wheelchair. *Id*. at 14.  Lieutenant McCarthy was the zone officer who worked in the area and knew about Plaintiff's situation.  Even so, McCarthy denied Plaintiff access to shower facilities and hygiene supplies all week.  *Id*.

In February 2022, Plaintiff developed severe swelling in his lower left leg.  Dr. Larson refused to examine, test, or treat the condition, which worsened due to suspected blood clots and a possible heart condition.  Plaintiff suffered unnecessary pain and discomfort.  When he filed grievances to complain, Dr. Larson retaliated against him by delaying medication refills, refusing to see him for appointments, and declining to address his medical concerns.  *Id*.

Plaintiff soiled himself and needed a shower on July 27, 2022.  Sergeant Cottonard directed several officers to take Plaintiff to segregation instead of the shower.  The officers used excessive force against Plaintiff and caused him to fall from his wheelchair and injure himself.  Instead of helping him back into his wheelchair, the officers dumped him on the floor and denied him medical attention for 4 hours until he was transferred to Lawrence.  *Id*.

### Lawrence Correctional Center

Plaintiff arrived at Lawrence on July 27, 2022.  *Id*. at 14.  Nurse Practitioner Luking would not examine or treat his injuries until several weeks later.  When she finally met with Plaintiff, Luking refused to issue him a shower permit or special mattress permit.  She did not schedule a doctor's appointment for several more weeks.  *Id*.  Plaintiff wrote to Lawrence's ADA Coordinator, Laurie Cunningham, to request permits but received no response.  *Id*. at 15.

Dr. Myers met with Plaintiff on September 24, 2022.  He reviewed Plaintiff's medical

history, examined his bed sores, and noted his receipt of a mattress permit a year earlier at Lawrence. Dr. Myers nevertheless denied Plaintiff's request for a therapeutic mattress, cancelled his pain medication, and changed his psychotropic medication. Plaintiff subsequently developed another bed sore that required months of treatment. Defendants Luking, Myers, and Cunningham conspired to retaliate against Plaintiff for filing grievances to address his concerns, by failing to respond or delaying the response. *Id*.

On February 3, 2023, Plaintiff soiled himself and needed a shower. *Id*. at 15. C/O French and Sergeant Hollis made him use the sink in his cell instead. *Id*. at 16. In the process of cleaning himself in the sink, Plaintiff fell and broke a rib. At the time, he possessed a permit for an ADA attendant, but no one was assigned to help him. Four days later, Plaintiff was finally taken to a hospital and diagnosed with a broken rib. He was also diagnosed with a lung infection caused by movement of a residual bullet in his body cavity. *Id*.

Plaintiff continued filing grievances with Warden Brookhart in June 2023. He was placed on crisis watch several times between June and August 2023. While on crisis watch, Dr. Boose began confiscating his wheelchair and leaving him on a urine-soaked bed without access to the toilet, sink, or food slot. Plaintiff began to fear for his safety. *Id*.

On August 8, 2023, Plaintiff was sexually assaulted by staff. Sergeant Bridwell removed Plaintiff's smock and exposed his nude body in public, while Sergeant Stout grabbed Plaintiff's penis. He felt humiliated. Lieutenant Reid forcibly moved him to a crisis cell until he was transported to a hospital for treatment. *Id*. When Plaintiff returned from the hospital, Sergeant Wilson came to Plaintiff's cell, slapped him, and demanded that he strip. The sergeant's use of force lacked provocation or justification.

Around August 31, 2023, Lieutenant Livingston, Sergeant Bridwell, C/O Seed, and C/O

Crawford placed a hood over Plaintiff, beat him, and maced him. *Id*. at 17. The officers left him bleeding until the next shift, when he was taken for emergency treatment in the prison's health care unit. *Id*.

Plaintiff continued filing emergency grievances with Warden Brookhart. She consistently denied them and conspired with Defendants Wise, Bridwell, Crawford, and Livingston to retaliate against Plaintiff for filing grievances by painfully cuffing him behind his back, denying him the use of a wheelchair, depriving him of medical treatment, denying him mental health care, and refusing all daytime yard privileges. *Id*.

Based on Plaintiff's allegations, the Court designates the following claims in the *pro se* Second Amended Complaint:

Count 1: Defendants Issacs, Larson, Morgenthaier, and Jeffreys refused to issue Plaintiff a shower permit or therapeutic mattress permit at BMRCC in 2021-22, in violation of the ADA.

Count 2: Defendants Issacs, Larson, Morgenthaier, and Jeffreys refused to issue Plaintiff a shower permit or therapeutic mattress permit at BMRCC in 2021-22, in violation of the Eighth Amendment.

Count 3: Defendant McCarthy took no steps to help Plaintiff shower or clean himself for a week after he soiled himself at BMRCC on or around December 6, 2021, in violation of the Eighth Amendment.

Count 4: Defendant Larson denied Plaintiff medical treatment for extreme swelling in his legs in February 2022, in violation of the Eighth Amendment.

Count 5: Defendant Larson retaliated against Plaintiff for filing grievances by delaying medication refills, refusing appointments, and ignoring his medical concerns, in violation of the First and/or Eighth Amendments.

Count 6: Defendant Cottonard and other officers used excessive force against Plaintiff by forcibly removing him from his wheelchair and causing him to fall on July 27, 2022, in violation of the Eighth Amendment.

Count 7: Defendant Cottonard denied Plaintiff medical treatment for injuries he sustained on July 27, 2022, in violation of the Eighth Amendment.

Count 8:        Defendant Luking refused to examine, treat, or refer Plaintiff for treatment of injuries he sustained on July 27, 2022 until several weeks after his transfer into Lawrence, in violation of the Eighth Amendment.

Count 9:        Defendants Luking, Cunningham, and Myers refused to issue Plaintiff a shower permit or therapeutic mattress permit at Lawrence in 2022-23, in violation of the ADA.

Count 10:       Defendants Luking, Cunningham, and Myers refused to issue Plaintiff a shower permit or therapeutic mattress permit at Lawrence in 2022-23, in violation of the Eighth Amendment.

Count 11:       Defendant Myers provided Plaintiff with inadequate medical care when the doctor cancelled Plaintiff's pain medication, denied treatment for bed sores, and changed his psychotropic medication, in violation of the Eighth Amendment.

Count 12:       Defendants Luking, Cunningham, and Myers mishandled Plaintiff's grievances, in violation of the Fourteenth Amendment.

Count 13:       Defendants French and Hollis forced Plaintiff to clean himself in a sink and denied him timely treatment for injuries he suffered by falling from his wheelchair on or around February 3, 2023, in violation of the Eighth Amendment.

Count 14:       Defendant Boose confiscated Plaintiff's wheelchair and left him without access to a sink, toilet, or food slot while on crisis watch several times between June and August 2023, in violation of the Eighth Amendment.

Count 15:       Defendants Bridwell, Stout, and Reid used unauthorized force against Plaintiff when removing his smock in public, grabbing his genitals, and forcibly moving him to crisis watch on or around August 8, 2023, in violation of the Eighth Amendment.

Count 16:       Defendant Wilson used excessive force against Plaintiff by slapping him and demanding that he strip on or around August 8, 2023, in violation of the Eighth Amendment.

Count 17:       Defendants Livingston, Bridwell, Seed, and Crawford used excessive force against Plaintiff when they placed a hood over his head, beat him, and sprayed him with mace on or around August 31, 2023, in violation of the Eighth Amendment.

Count 18:       Defendant Brookhart denied Plaintiff's grievances while conspiring with Defendants Wise, Bridwell, Crawford, and Livingston to retaliate against Plaintiff, in violation of the First and/or Fourteenth Amendment.

(Doc. 14, pp. 1-62).

### **Improper Joinder**

Before screening any claims under 28 U.S.C. § 1915A, the Court will determine whether joinder of the named defendants is proper. *Dorsey v. Varga*, 55 F.4th 1103 (7th Cir. 2022); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Rule 20(a)(2) permits a plaintiff to join defendants in a single action, if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to them all will arise in the action. *See* FED. R. CIV. P. 20(a)(2). Relatedly, Rule 21 grants district courts broad discretion to add or drop a party or sever a claim, at any time, on just terms. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (citing FED. R. CIV. P. 21). Even if claims are eligible for joinder under Rule 20, a court has discretion to separate the claims into distinct suits. *Dorsey*, 55 F.4th at 1107.

Plaintiff's Second Amended Complaint represents his third attempt to bring his claims in a single suit. The Second Amended Complaint presents many of the same joinder problems as the original Complaint and First Amended Complaint. Plaintiff was previously notified of these problems and given an opportunity to decide how he wanted to proceed. He was encouraged to pursue unrelated claims against different groups of defendants in separate actions and was warned that the Court would exercise its discretion and sever or dismiss improperly joined claims and parties. Despite these warnings, Plaintiff has improperly joined Counts 1 through 18 in a single suit.

The Court may dismiss or sever parties or claims for improper joinder. FED. R. CIV. P. 21. To preserve the timeliness of Plaintiff's claims which date back to 2021, the Court will sever the improperly joined claims and parties into separate lawsuits as follows:

**Case No. 1:**

Count 1:       Defendants Issacs, Larson, Morgenthaier, and Jeffreys refused to issue Plaintiff a shower permit or therapeutic mattress permit at BMRCC in 2021-22, in violation of the ADA.

Count 2:       Defendants Issacs, Larson, Morgenthaier, and Jeffreys refused to issue Plaintiff a shower permit or therapeutic mattress permit at BMRCC in 2021-22, in violation of the Eighth Amendment.

Count 4:       Defendant Larson denied Plaintiff medical treatment for extreme swelling in his legs in February 2022, in violation of the Eighth Amendment.

Count 5:       Defendant Larson retaliated against Plaintiff for filing grievances by delaying medication refills, refusing appointments, and ignoring his medical concerns, in violation of the First and/or Eighth Amendments.

**Case No. 2:**

Count 3:       Defendant McCarthy took no steps to help Plaintiff shower or clean himself for a week after he soiled himself at BMRCC on or around December 6, 2021, in violation of the Eighth Amendment.

**Case No. 3:**

Count 6:       Defendant Cottonard and other officers used excessive force against Plaintiff by forcibly removing him from his wheelchair and causing him to fall on July 27, 2022, in violation of the Eighth Amendment.

Count 7:       Defendant Cottonard denied Plaintiff medical treatment for injuries he sustained on July 27, 2022, in violation of the Eighth Amendment.

**Case No. 4:**

Count 8:       Defendant Luking refused to examine, treat, or refer Plaintiff for treatment of injuries he sustained on July 27, 2022 until several weeks after his transfer into Lawrence, in violation of the Eighth Amendment.

Count 9:       Defendants Luking, Cunningham, and Myers refused to issue Plaintiff a shower permit or therapeutic mattress permit at Lawrence in 2022-23, in violation of the ADA.

Count 10:      Defendants Luking, Cunningham, and Myers refused to issue Plaintiff a shower permit or therapeutic mattress permit at Lawrence in 2022-23, in violation of the Eighth Amendment.

Count 11:    Defendant Myers provided Plaintiff with inadequate medical care when the doctor cancelled Plaintiff's pain medication, denied treatment for bed sores, and changed his psychotropic medication, in violation of the Eighth Amendment.

Count 12:    Defendants Luking, Cunningham, and Myers mishandled Plaintiff's grievances, in violation of the Fourteenth Amendment.

**Case No. 5:**

Count 13:    Defendants French and Hollis forced Plaintiff to clean himself in a sink and denied him timely treatment for injuries he suffered by falling from his wheelchair on or around February 3, 2023, in violation of the Eighth Amendment.

**Case No. 6:**

Count 14:    Defendant Boose confiscated Plaintiff's wheelchair and left him without access to a sink, toilet, or food slot while on crisis watch several times between June and August 2023, in violation of the Eighth Amendment.

Count 15:    Defendants Bridwell, Stout, and Reid used unauthorized force against Plaintiff when removing his smock in public, grabbing his genitals, and forcibly moving him to crisis watch on or around August 8, 2023, in violation of the Eighth Amendment.

Count 16:    Defendant Wilson used excessive force against Plaintiff by slapping him and demanding that he strip on or around August 8, 2023, in violation of the Eighth Amendment.

Count 17:    Defendants Livingston, Bridwell, Seed, and Crawford used excessive force against Plaintiff when they placed a hood over his head, beat him, and sprayed him with mace on or around August 31, 2023, in violation of the Eighth Amendment.

Count 18:    Defendant Brookhart denied Plaintiff's grievances while conspiring with Defendants Wise, Bridwell, Crawford, and Livingston to retaliate against Plaintiff, in violation of the First and/or Fourteenth Amendment.

The claims identified as Case 1 above will remain in the instant case. However, Cases 2, 3, 4, 5, and 6 and the accompanying claims will be severed into new cases, assigned new case numbers, and additional filing fees will be assessed. Plaintiff will be given an opportunity to decide whether he wants to proceed with each newly severed case. If he chooses not to proceed,

Plaintiff should file a motion to voluntarily dismiss the severed case, and the court will close that case without assessing a filing fee.  If he chooses to proceed with a case, the Court will assess a filing fee for it and screen the claims under 28 U.S.C. § 1915A.[1]

### Disposition

The only claims remaining in this case are COUNTS 1, 2, 4, and 5, which will be screened under 28 U.S.C. § 1915A in a separate Order.  The Clerk of Court is **DIRECTED** to modify the case caption for this case as follows: MALIK SHABAZZ, *Plaintiff* v. DEBBIE ISSACS, DENNIS LARSON, RICHARD MORGENTHAIER, and ROB JEFFREYS, *Defendants*.

COUNTS 3, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 18 are **SEVERED** into new cases and captioned, as follows:

**Case No. 2:**    **MALIK SHABAZZ,** *Plaintiff* **vs. LT. McCARTHY,** *Defendant***, to address Count 3;**

**Case No. 3:**    **MALIK SHABAZZ,** *Plaintiff* **v. SGT. COTTONARD,** *Defendant***, to address Counts 6 and 7;**

**Case No. 4:**    **MALIK SHABAZZ,** *Plaintiff* **v. CARRISSA LUKING, LAURIE CUNNINGHAM, and PERCY MYERS,** *Defendants***, to address Counts 8, 9, 10, 11, and 12;**

**Case No. 5:**    **MALIK SHABAZZ,** *Plaintiff* **v. C/O FRENCH and C/O HOLLIS,** *Defendants***, to address Count 13;**

**Case No. 6:**    **MALIK SHABAZZ,** *Plaintiff* **v. DR. BOOSE, SGT. BRIDWELL, SGT. STOUT, LT. REID, SGT. WILSON, LT. LIVINGSTON, C/O SEED, C/O CRAWFORD, DeeDee BROOKHART, and NURSE PRACTITIONER WISE,** *Defendants***, to address Counts 14, 15, 16, 17, and 18.**

The Clerk is **DIRECTED** to file the following documents in each newly severed case:

1) The Second Amended Complaint (Doc. 14);

2) This Memorandum and Order Severing Case.

---

[1] Plaintiff is **WARNED** that he will incur a "strike" for any case that is dismissed under 28 U.S.C. § 1915(g).

Plaintiff must *either* prepay the full filing fee for each newly severed case *or* submit a properly completed Motion for Leave to Proceed *in forma papueris* seeking permission to proceed without prepaying the entire fee. **Plaintiff's failure to either prepay the full filing fee or file a timely IFP motion in each new case will result in dismissal of that case.**

Defendants LT. McCARTHY, SGT. COTTONARD, CARRISSA LUKING, LAURIE CUNNINGHAM, PERCY MYERS, C/O FRENCH, C/O HOLLIS, DR. BOOSE, SGT. BRIDWELL, SGT. STOUT, LT. REID, SGT. WILSON, LT. LIVINGSTON, C/O SEED, C/O CRAWFORD, DeeDee BROOKHART, and NURSE PRACTITIONER WISE are **DISMISSED** from this case. The Clerk of Court is **DIRECTED to TERMINATE** these defendants as parties to this action in CM/ECF; MODIFY the case caption; OPEN each newly severed case; SEND Plaintiff the Court's standard Motion for Leave to Proceed *in forma pauperis* (IFP motion); and SET a deadline for prepaying the filing fee or filing an IFP motion in each new case.

**IT IS SO ORDERED**.

**DATED: 1/12/2024**

s/ *Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**