IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIK SHABAZZ, #R53189, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-03005-SMY |
| | ) |
| DEBBIE ISSACS, | ) |
| DENNIS LARSON, | ) |
| RICHARD MORGENTHAIER, | ) |
| and ROB JEFFREYS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for preliminary review of Counts 1, 2, 4, and 5 of the Second Amended Complaint[1] (Doc. 14) pursuant to 28 U.S.C. § 1915A, which requires the Court to dismiss any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Id*.

### Second Amended Complaint

Plaintiff makes the following allegations in connection with Counts 1, 2, 4, and 5 in the Second Amended Complaint (Doc. 14, pp. 13-19): Plaintiff is partially paralyzed and confined to a wheelchair as a result of old gunshot wounds that left bullets lodged in his body. Defendants denied him reasonable accommodations at Big Muddy River Correctional Center ("BMRCC") between July 2021 and July 2022.

ADA Coordinator Issacs refused to issue Plaintiff a shower permit, even though frequent

---

[1] The Court previously severed improperly joined parties and claims from the Second Amended Complaint (See Doc. 17). The claims remaining in this case are Counts 1, 2, 4, and 5 against Defendants Debbie Issacs, Dennis Larson, Richard Morgenthaier, and Rob Jeffreys.

1

episodes of incontinence necessitated extra showers. Issacs also denied Plaintiff's request for a special mattress to alleviate pain associated with his lingering injuries. Issacs refused to consider, discuss, or respond to Plaintiff's requests for these accommodations in violation of the Americans with Disabilities Act (ADA) and Eighth Amendment. *Id*.

Dr. Larson was the medical provider who treated Plaintiff at BMRCC. Dr. Larson regularly met with Plaintiff to discuss his medical issues. Dr. Larson refused to issue Plaintiff permits for extra showers or a special mattress, in violation of his rights under the ADA and Eighth Amendment. *Id*.

Plaintiff filed grievances to complain. He submitted them to Warden Morgenthaier and IDOC Director Jeffreys. Nothing was done to accommodate him. *Id*.

For a week beginning December 6, 2021, Plaintiff was denied a shower because the wheelchair and shower stall were not compatible. He sat soiled and humiliated in his wheelchair. *Id*. at 14. Lieutenant McCarthy was the zone officer who worked in the area and knew about Plaintiff's situation. Even so, McCarthy denied Plaintiff access to shower facilities and hygiene supplies all week. *Id*.

In February 2022, Plaintiff developed severe swelling in his lower left leg. Dr. Larson refused to examine, test, or treat the condition, which worsened due to suspected blood clots and a possible heart condition. Plaintiff suffered unnecessary pain and discomfort. When he filed grievances to complain, Dr. Larson retaliated against him by delaying medication refills, refusing to see him for appointments, and declining to address his medical concerns. *Id*.

Plaintiff soiled himself and needed a shower on July 27, 2022. Sergeant Cottonard directed several officers to take Plaintiff to segregation instead of the shower. The officers used excessive force against Plaintiff and caused him to fall from his wheelchair and injure himself. Instead of

helping him back into his wheelchair, the officers dumped him on the floor and denied him medical attention for 4 hours until he was transferred to Lawrence Correctional Center. *Id*.

Based upon Plaintiff's allegations, the Court designates the following claims in the *pro se* Second Amended Complaint:

> Count 1: Defendants Issacs, Larson, Morgenthaier, and Jeffreys refused to issue Plaintiff a shower permit or therapeutic mattress permit at BMRCC in 2021-22, in violation of the ADA and/or Rehabilitation Act.
>
> Count 2: Defendants Issacs, Larson, Morgenthaier, and Jeffreys refused to issue Plaintiff a shower permit or therapeutic mattress permit at BMRCC in 2021-22, in violation of the Eighth Amendment.
>
> Count 4: Defendant Larson denied Plaintiff medical treatment for extreme swelling in his legs in February 2022, in violation of the Eighth Amendment.
>
> Count 5: Defendant Larson retaliated against Plaintiff for filing grievances by delaying medication refills, refusing appointments, and ignoring his medical concerns, in violation of the First and/or Eighth Amendments.

**Any other claim that is mentioned in the Second Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

## Discussion

### Count 1

To state a viable claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*., *and* Rehabilitation Act (Rehab Act), 29 U.S.C. §§ 794–94e,[3] a plaintiff must sufficiently allege that (1) he is a qualified person with a disability; (2) he was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

[3] Although the *pro se* plaintiff did not assert a claim under the Rehab Act, the Court will consider whether the allegations state a claim under the ADA *and* Rehab Act. *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2010) (court must "analyze a litigant's claims and not just legal theories that he propounds"). The Rehab Act is co-extensive with the ADA, and the analysis of the claims under both statutes is the same, except that the Rehab Act includes receipt of federal funds as an additional element (which all states accept for their prisons). *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015).

3

an entity; and (3) the denial or discrimination was because of his disability. *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012).

Here, Plaintiff alleges that his partial paralysis qualified him as a person with a disability, and that the defendants failed to accommodate his disabilities when they denied him a shower permit for incontinence and a special mattress for pain. Plaintiff's allegations support a claim under the ADA and Rehab Act for denial of the shower permit, but not the mattress. *See Jaros*, 684 F.3d at 672 (showers and meals considered a "program or activity"); *Boston v. Dart*, 2016 WL 5373083, at *3 (N.D. Ill. 2016) (noting "the ADA was not designed to address thin mattresses and uncomfortable steel prison beds")). The proper defendant for this claim is the relevant state department, agency, or its director in an official capacity. *Jaros*, 684 F.3d at 670 (citing 29 U.S.C. § 794(b); 42 U.S.C. § 12131). Plaintiff has named individual defendants, including Rob Jeffreys (former IDOC Director), but has not named any official capacity defendants or the Illinois Department of Corrections ("IDOC"). Therefore, the Court will add IDOC and former IDOC Director Rob Jeffreys, in his official capacity, in connection with this claim. Count 1 will be dismissed against all other defendants.

**Count 2**

Adequate washing facilities and toilets are among those "minimal civilized measure[s] of life's necessities" guaranteed to prisoners under the Eighth Amendment. *Jaros*, 684 F.3d at 670 (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Plaintiff alleges that Defendants Issacs and Larson denied him access to showers, even though both defendants were aware of his frequent episodes of incontinence, and that as a result, he was forced to sit in soiled clothing for extended periods of time. Plaintiff also alleges that the denial of a special mattress caused unnecessary pain. The wanton infliction of pain can rise to the level of an Eighth Amendment violation. These

4

allegations are sufficient to state a viable Eighth Amendment claim; Count 2 will proceed against Defendants Issacs and Larson.

Plaintiff alleges he addressed grievances to Warden Morgenthaier and IDOC Director Robert Jeffreys, but they never responded.  To state a claim against these supervisory officials, Plaintiff must allege that "the supervisor was personally involved in the constitutional violation." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).  "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018).  Further, "[l]iability cannot be established based on an assumption that high-ranking officials should have known of a condition. *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009).  Because Plaintiff's allegations do not suggest that Warden Morgenthaier or IDOC Director Jeffreys were directly involved in or encouraged BMRCC officials to deny him shower access, this claim will be dismissed against them.

### Count 4

Plaintiff claims that Dr. Larson responded to serious swelling in his legs with deliberate indifference.  To proceed with an Eighth Amendment claim in this context, a plaintiff must set forth allegations suggesting that (1) he suffered from an objectively serious medical condition; and (2) the defendant acted with deliberate indifference to his medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).  Plaintiff's allegations suggest that he suffered from a serious medical need and that Dr. Larson disregarded his serious medical need when he refused to examine, diagnose, or treat the condition.  Count 4 will therefore proceed against this defendant.

**Count 5**

Prison officials are prohibited from retaliating against inmates for exercising their First Amendment rights by filing grievances to complain about the conditions of their confinement. *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020). A plaintiff asserting a retaliation claim must allege that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter future First Amendment activity; and (3) his protected activity was "at least a motivating factor" in the defendant's decision to take retaliatory action against him. *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)).

Plaintiff's allegations are insufficient to state a claim of retaliation against Dr. Larson. He does not indicate when any grievances were filed against the doctor or when he was denied medication refills, appointments, or other medical attention. Plaintiff's conclusory allegations of retaliation are not enough to survive screening under § 1915A. Therefore, Count 5 will be dismissed without prejudice against Dr. Larson

**Disposition**

The Second Amended Complaint (Doc. 14) survives screening pursuant to 28 U.S.C. § 1915A and shall proceed, as follows:

- **COUNT 1** (shower claim only) will proceed against Defendants **ILLINOIS DEPARTMENT OF CORRECTIONS** and **ROB JEFFREYS** (official capacity).

- **COUNT 2** will proceed against Defendants **DEBBIE ISSACS** and **DENNIS LARSON**, in their individual capacities.

- **COUNT 4** will proceed against Defendant **DENNIS LARSON**, in his individual capacity.

**ALL OTHER CLAIMS** and **DEFENDANTS** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

For Counts 1, 2, and 4, the Clerk of Court shall prepare for Defendants **ILLINOIS DEPARTMENT OF CORRECTIONS**, **ROB JEFFREYS, DEBBIE ISSACS**, and **DENNIS LARSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Doc. 14), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

The Clerk is further **DIRECTED** to add the ILLINOIS DEPARTMENT OF CORRECTIONS and ROB JEFFREYS (official capacity) as defendants and **TERMINATE** Defendants RICHARD MORGENTHAIER and ROB JEFFREYS as parties in CM/ECF; and to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second

7

Amended Complaint and shall not waive filing a reply. 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   January 12, 2024**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Second Amended Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Second Amended Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied. Plaintiff need not submit evidence to the Court at this time.