**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MALIK SHABAZZ, #R53189,     ) | |
|     ) | |
|       **Plaintiff,**     ) | |
|     ) | |
| vs.     ) | **Case No. 23-cv-3005-SMY** |
|     ) | |
| DEBBIE ISAACS,     ) | |
| DENNIS LARSON,     ) | |
| ROB JEFFREYS, and     ) | |
| ILLINOIS DEPT. OF CORRECTIONS,     ) | |
|     ) | |
|       **Defendants.**     ) | |

## MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

Plaintiff Malik Shabazz, an inmate in the custody of the Illinois Department of Corrections (IDOC), filed this *pro se* civil action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), and the Rehabilitation Act (Rehab Act) against numerous defendants. The Court granted Defendant Dennis Larson, M.D.'s amended motion for summary judgment on the issue of exhaustion (Doc. 101). Now pending is Plaintiff's Motion for Reconsideration (Doc. 105). Dr. Larson filed a response (Doc. 106). For the following reasons, the Motion is **DENIED**.

Under Rule 59(e), the Court may alter or amend its judgment if the movant "clearly establish[es] (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.,* 698 F.3d 587, 598 (7th Cir. 2012) (quoting *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006)). Motions for reconsideration are not appropriate vehicles for re-litigating arguments the Court previously rejected or for arguing issues or presenting evidence that could have been raised during the pendency of the motion presently under reconsideration. *Sigworth v. City of Aurora,*

487 F.3d 506, 512 (7th Cir.2007).  In other words, a proper motion to reconsider does more than take umbrage and restate the arguments that were initially rejected during the summary judgment phase.  *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006).

Plaintiff's claims against Dr. Larson included an Eighth Amendment claim for denying Plaintiff a shower permit and therapeutic mattress permit (Count 2) and an Eighth Amendment claim for denying Plaintiff medical treatment for extreme swelling in his legs in February 2022 (Count 3).  Plaintiff moves for reconsideration contending  that Dr. Larson was one of the main treating providers in this lawsuit and, therefore, should not be dismissed.  However, the evidence in the record supports the conclusion that Plaintiff failed to exhaust his administrative remedies as to Dr. Larson prior to filing this lawsuit.  As to his mattress claim, the applicable grievance did not identify or describe Dr. Larson nor did Dr. Larson play a role in reviewing or addressing this grievance.  As to his shower access and inadequate medical treatment claims, Plaintiff failed to complete the grievance process.  Plaintiff fails to identify any newly discovered evidence or a manifest error of law or fact committed by the Court.  Accordingly, the Motion for Reconsideration is denied.

**IT IS SO ORDERED.**

**DATED:  April 28, 2026**

**STACI M. YANDLE**
**Chief United States District Judge**